THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SINGH RX, PLLC d/b/a SRX SPECIALTY CARE PHARMACY, a Michigan professional limited liability company, and AMAN DEEP SINGH, an individual,<br><br>    Plaintiffs,<br><br>v<br><br>SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, a New Jersey property and casualty insurance company, AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, a Pennsylvania property and casualty insurance company, JANSSEN SCIENCES IRELAND UNLMITED COMPANY, an interested party, JANSSEN PRODUCTS, LP, an interested party, and JOHNSON & JOHNSON, an interested party.<br><br>    Defendants. | Case No. 22 - |

**COMPLAINT FOR BREACH OF CONTRACT & DECLARATORY RELIEF**

Plaintiffs SINGH RX, PLLC d/b/a SRX SPECIALTY CARE PHARMACY and AMAN DEEP SINGH by and through their undersigned counsel KUTINSKY PC state the following COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF:

## **NATURE OF ACTION, PARTIES, JURISDICTION AND VENUE**

1. This Complaint seeks an award of monetary damages and declaratory relief.

2. Plaintiff SINGH RX, PLLC d/b/a SRX SPECIALTY CARE PHARMACY is a Michigan professional limited liability company that was formed in the State of Michigan and maintains its principal place of business in the State of Michigan.

3. Plaintiff AMAN DEEP SINGH is an individual who is a citizen of and resides in the State of Michigan.

4. SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA is a corporation that was formed in the State of New Jersey and maintains its principal place of business in the State of New Jersey.

5. AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA is a corporation that was formed in the State of Pennsylvania and maintains its principal place of business in the State of Pennsylvania.

6. JANSSEN SCIENCES IRELAND UNLMITED COMPANY is a private unlimited company that was organized under the laws of Ireland and maintains its principal place of business in Dublin, Ireland.

7. JANSSEN PRODUCTS, LP is a limited partnership that was formed in the State of New Jersey and maintains its principal place of business in the State of New Jersey.

2

8. JOHNSON & JOHNSON is a corporation that was formed in the State of New Jersey and maintains its principal business in the State of New Jersey.

9. This Court has original jurisdiction over this case under 28 U.S. Code § 1332(a)(1) and (3) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, is between the citizens of different States, and a subject of a foreign state is an interested party.

10. Venue is appropriate in this Court under 28 U.S. Code § 1391 because one or more of the defendants are subject to this Court's personal jurisdiction.

## GENERAL ALLEGATIONS

11. This is an insurance coverage dispute between Plaintiffs SINGH RX, PLLC d/b/a SRX SPECIALTY CARE PHARMACY and AMAN DEEP SINGH (together, the "insureds") and the insurance company defendants SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA (together, the "insurance companies.")

12. Defendants JANSSEN SCIENCES IRELAND UNLMITED COMPANY, JANSSEN PRODUCTS, LP, and JOHNSON & JOHNSON (together, "Janssen"), are joined as interested parties under 28 U.S. Code § 2201.

13. The two policies of insurance that are the subject-matter of this action are:

3

    A.    *Selective Insurance Company of South Carolina Business Owners Policy No. S 231679604* which is attached to this complaint as **Exhibit 1** (the "Business Owners Policy"); and

    B.    *American Casualty Company of Reading, Pennsylvania Professional Liability Policy No. 0656305643* which is attached to this complaint as **Exhibit 2** (the "Professional Liability Policy.")

14. The Business Owners Policy covers, *inter alia*, the following:

    A.    Named Insured: Singh RX PLLC;

    B.    Policy Period: 10/19/21 to 10/19/22;

    C.    Primary Limits of Liability: $1,000,000 each claim/$3,000,000 aggregate; and

    D.    Umbrella Limits of Liability: $1,000,000 each claim/$3,000,000.

15. The Professional Liability Policy covers, *inter alia,* the following:

    A.    Named Insured: Singh Rx LLC;

    B.    Policy Period: 03/26/21 to 03/26/22; and

    C.    Limits of Liability: $1,000,000 each claim/$3,000,000 aggregate.

16. Plaintiff Aman Deep Singh is an insured under the *Business Owners Policy section C. Who Is An Insured subparagraph 1.c.* because he is a member and manager of the policy Named Insured.

17. Plaintiff Aman Deep Singh is an insured under the *Professional Liability Policy Business Owner Coverage Extension Endorsement* because he is the business owner of the Named Insured.

18. The insureds are currently named as defendants in a lawsuit filed by Janssen in the *United States District Court for the Eastern District of New York assigned case no. 1:22-cv-01983-BMS* (the "Janssen Lawsuit.") A copy of the First Amended Complaint in the Janssen Lawsuit is attached as **Exhibit 3**.

19. The Janssen Lawsuit alleges, *inter alia*, that the insureds bought counterfeit bottles of medication that contained trademarks, trade dress, and other proprietary branding (the "trademarked branding") of Janssen without the companies' consent.

20. The Janssen Lawsuit further alleges, *inter alia*, that the insureds used the protected branding to sell, distribute and advertise counterfeit medication as Janssen products without the companies' consent.

21. The Janssen Lawsuit asserts the following causes of action against the insureds:

   A. Count I – Federal Trademark Infringement (15 USC § 1114(1)(A);

   B. Count II – Federal Trademark Infringement (15 USC § 1114(1)(B);

   C. Count III – False Description and Designation of Origin in Commerce;

   D. Count IV – Federal False Advertising;

   E. Count V – Federal dilution of Mark;

   F. Count VI – New York Dilution of Mark and Injury to Business Reputation;

   G. Count VII – New York Deceptive Business Practices;

   H. Count VIII – Common-Law Unfair Competition; and

   I. Count IX – Common-Law Unjust Enrichment.

22. The Janssen Lawsuit requests a monetary judgment against the insureds in an amount that exceeds $75,000, exclusive of interest, costs and attorney fees.

23. The Business Owners Policy states, in relevant part:

**SECTION II – LIABILITY**

   **A. Coverages**

      **1. Business Liability**

         **a. We will pay those sums that the insured becomes legally obligated to pay as damages because of…"personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.**

         **b. This insurance applies:**

            **(2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.**

   **F. Liability And Medical Expenses Definitions**

17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

24. The Professional Liability Policy section I. states, in relevant part:

**COVERAGE AGREEMENTS**

**Coverage under any of the following coverage agreements apply only to acts, errors or omissions, including medical incidents, Good Samaritan incidents, placement services incidents, or personal injury, which occurred on or after the effective date of coverage, and before the expiration date of the policy period stated on the certificate of insurance.**

**In addition to the limit of liability, we will also pay claim expenses.**

   **A. PROFESSIONAL LIABILITY**

   **We will pay all amounts, up to the Professional Liability limit of liability stated on the certificate of insurance, that you become legally obligated to pay as a result of a professional liability claim arising out of a medical incident by you or by someone for whose professional services you are legally responsible.**

7

**C.   PERSONAL INJURY LIABILITY**

**We will pay all amounts, up to the Personal Injury Liability limit of liability stated on the certificate of insurance, that you become legally obligated to pay as a result of a personal injury claim arising out of personal injury.**

25. The Professional Liability Policy section III. states, in relevant part:

**DEFENSE AND SETTLEMENT**

**We have the right and duty to defend any claim that is a professional liability claim, Good Samaritan Claim, personal injury claim or malplacement claim. We will:**

**A.   do this even if any of the charges of such claim are groundless, false or fraudulent; and**

**B.   investigate and settle any claim, as we feel appropriate. Our payment of the applicable limit of liability ends our duty to defend or settle. We have no duty to defend any claims not covered by this Coverage Part.**

26. The Professional Liability Policy section IV. Additional Definitions states, in relevant part:

**"Medical Incident" means any act, error or omission in your providing professional services which results in injury or damage. Medical incident does not include a Good Samaritan incident, a placement services incident or personal injury.**

**"Personal Injury Claim" means a claim arising out of personal injury.**

**"Professional Liability Claim" means a claim arising out of a medical incident.**

27. The Professional Liability Policy section XVII of Common Policy Conditions states, in relevant part:

> **"Personal Injury" means injury arising out of one or more of the following offenses committed in the conduct of your professional services:**
>
> > **4.  libel, slander or other disparaging materials;**
> >
> > **5.  a violation of an individual's or entity's right to privacy;**
> >
> > **7.  misappropriation of advertising ideas, trade secrets, or style of doing business; or**
> >
> > **8.  infringement of patent, copyright, trademark, trade name, trade dress, service mark, service name, logo, title or slogan.**
>
> **"Professional Services" means those services for which you are licensed, certified, accredited, trained or qualified to perform within the scope of practice recognized by the regulatory agency responsible for maintaining the standards of the profession(s) shown on the certificate of insurance and which you perform as, or on behalf of, the named insured. Professional services also means your services while acting in the profession(s) shown on the certificate of insurance as a member of a formal accreditation, standards review, or similar professional board or committee, including the directives of such board or committee.**

28. The Professional Liability Policy Common Policy Conditions states, "if any provision in the Common Policy Conditions is inconsistent or in conflict with the terms and conditions of any Coverage Part, the terms and conditions of such Coverage Part shall control for purposes of that Coverage Part."

29. The Amended Definition of Claim Endorsement Health Care Provider Professional Liability, General Liability and Workplace Liability Coverage Parts in the Professional Liability Policy ("Amended Endorsement") amends the Common Conditions definition of "Claim."

30. The definition of "Claim" in the Amended Endorsement is inconsistent or in conflict with the definitions of "Professional Liability Claim" and "Personal Injury Claim" under that Coverage Part and, therefore, the Amended Endorsement definition of "Claim" does not control coverage; coverage is controlled by the definitions of "Professional Liability Claim" and "Personal Injury Claim" under that Coverage Part.

31. The Professional Liability Policy certificate of insurance states "Pharmacist Firm" under the insureds' medical specialty.

32. The Licensing Division of the State of Michigan, in conjunction with state licensing boards, regulates the practice of pharmacy in Michigan in accordance with the Michigan Public Health Code.

33. The Michigan Public Health Code, MCL 333.17707(8), defines the scope of pharmacy practice:

> "Practice of pharmacy" means a health service, the clinical application of which includes the encouragement of safety and efficacy in the prescribing, dispensing, administering, and use of drugs and related

articles for the prevention of illness, and the maintenance and management of health.

Practice of pharmacy includes the direct or indirect provision of professional functions and services associated with the practice of pharmacy.

Professional functions associated with the practice of pharmacy include the following:

(a) The interpretation and evaluation of the prescription.

(b) Drug product selection.

(c) The compounding, dispensing, safe storage, and distribution of drugs and devices.

(d) The maintenance of legally required records.

(e) Advising the prescriber and the patient as required as to contents, therapeutic action, utilization, and possible adverse reactions or interactions of drugs.

34. The Janssen Lawsuit alleges, *inter alia*, that the insureds purchased, and dispensed medication labeled with the companies' trademarked branding. See, First Amended Complaint, Exhibit 3, page 12, ¶¶ 46 and 47.

35. The Janssen Lawsuit alleges personal and advertising injury caused by an offense arising out of the insureds' business and is therefore covered under the Business Owners Policy.

36. Selective Insurance Company of South Carolina has the following duties under the Business Owners Policy:

    A.    to defend the insureds against the Janssen Lawsuit;

    B.    to reimburse the insureds for all defenses fees and costs they incurred in the Janssen Lawsuit;

    C.    to settle the Janssen Lawsuit;

    D.    to protect the insureds against an adverse verdict in the Janssen Lawsuit;

    E.    to indemnify the insureds for the Janssen Lawsuit; and

    F.    to pay amounts that the insureds become legally obligated to pay as a result of the Janssen Lawsuit.

37. The Janssen Lawsuit is a professional liability claim arising out of an alleged medical incident by the insureds and is therefore covered under the Professional Liability Policy.

38. The Janssen Lawsuit arises out of an alleged personal injury claim and is therefore covered under the Professional Liability Policy.

39. American Casualty Company of Reading, Pennsylvania has the following duties under the Professional Liability Policy:

    A.    to defend the insureds against the Janssen Lawsuit;

    B.    to reimburse the insureds for all defenses fees and costs they incurred in the Janssen Lawsuit;

    C.    to settle the Janssen Lawsuit;

    D.    to protect the insureds against an adverse verdict in the Janssen Lawsuit;

    E.    to indemnify the insureds for the Janssen Lawsuit; and

    F.    to pay amounts that the insureds become legally obligated to pay as a result of the Janssen Lawsuit.

## COUNT I – BREACH OF CONTRACT

40. Plaintiffs incorporate the above paragraphs 1 through 39 as if fully re-alleged herein.

41. The insurance companies owe duties and obligations to the insureds under their respective insurance policies, including but not limited to those duties described in the preceding paragraphs.

42. The insureds timely submitted the Janssen Lawsuit to the insurance companies.

43. The insurance policies were in full force and effect at the time the insureds submitted the Janssen Lawsuit to the insurance companies.

44. The Janssen Lawsuit is a covered professional liability claim, personal injury claim, and personal and advertising injury claim under the insurance policies.

45. The insureds satisfied all conditions to coverage under the insurance policies.

46. No exclusions bar coverage for the insureds' professional liability claim, personal injury claim, and personal and advertising injury claim under the insurance policies.

47. The insurance companies breached their duties and obligations to the insureds by, *inter alia*, failing and refusing to defend, settle, indemnify, reimburse, pay and protect the insureds in, for and against the Janssen Lawsuit.

48. The insureds suffered damages as a result of the insurance companies' breach of contract.

49. The insureds' damages from the insurance companies' breach of contract exceeds $75,000, exclusive of interest, costs and attorney fees.

50. The insurance companies are further obligated to pay the insureds' consequential damages that were in contemplation of the parties at the time the insurance policies were issued or which are the natural and usual consequence of a breach of the insurance policies.

51. The insurance companies must pay 12% interest per annum on all amounts owed the insureds under the insurance policies. MCL 500.2006.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter a monetary judgment against the insurance companies for breach of contract in an amount equal to the damages suffered by the insureds as a result of said breach, in an amount that exceeds $75,000, plus interest, costs and attorney fees.

## COUNT II – DECLARATORY RELIEF

52. Plaintiffs incorporate paragraphs 1 through 51 above as if fully re-alleged herein.

53. The United States Code, 28 U.S. Code § 2201(a) provides:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

54. Fed. R. Civ. P. 57, Declaratory Judgments, states:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

55. This matter presents an actual controversy within the jurisdiction of this Court which has the power to declare the rights and other legal relations of the parties to this action.

56. The insureds request that this Honorable Court enter a declaratory judgment.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter Judgment under 28 U.S.C. §2201 declaring:

   A. That the Janssen Lawsuit is covered under the insurance policies issued by the insurance companies;

   B. That the insurance companies owed the insureds the duty to, *inter alia*, defend in the Janssen Lawsuit;

   C. That the insurance companies breached their duty to defend the insureds under their respective insurance policies;

   D. That the insurance companies must reimburse the insureds for all fees and costs incurred to defend themselves in the Janssen Lawsuit;

   E. That the insurance companies must pay all fees and costs to defend the insureds in the Janssen Lawsuit until the matter is fully and finally resolved by settlement, judgment or otherwise;

   F. That the insurance companies' breach of their duty to defend makes them liable for all amounts that the insureds become legally obligated to pay as a result of the Janssen Lawsuit;

   G. That the insurance companies are bound to any reasonable settlement negotiated by the insureds in the Janssen Lawsuit

      regardless of the limits of liability under their respective insurance policies;

H.     That the insurance companies must pay any verdict against the insureds in the Janssen Lawsuit regardless of the limits of liability under their respective insurance policies;

I.     That the insurance companies committed bad faith under the common law of the state of Michigan and the Uniform Trade Practices Act, MCL 500.2006;

J.     That the insurance companies' breach makes them liable for the insureds' consequential damages that were in contemplation of the parties at the time the insurance policies were issued, or which are the natural and usual consequence of a breach of the insurance policies;

K.     Such other equitable relief that this Honorable Court deems necessary to enforce its Judgment in this action.

KUTINSKY PC

/s/ Adam Kutinsky
Adam Kutinsky (P57900)
Attorney for Plaintiffs
370 E. Maple Rd. Fl 4th
Birmingham, MI 48009
(248)762-8644
adam@kutinsky.com

Dated: November 10, 2022

17