# Exhibit A

**CNA**

**HEALTHCARE PROVIDERS SERVICE ORGANIZATION PURCHASING GROUP**

*Certificate of Insurance*

**OCCURRENCE PROFESSIONAL LIABILITY POLICY FORM**



Print Date: 1/19/21

The application for the Policy and any and all supplementary information, materials, and statements submitted therewith shall be maintained on file by us or our Program Administrator and will be deemed attached to and incorporated into the Policy as if physically attached.

| PRODUCER | BRANCH | PREFIX | POLICY NUMBER |
|---|---|---|---|
| 018098 | 970 | HPG | 0656305643 |

**Policy Period:**
From 03/26/21 to 03/26/22 at 12:01 AM Standard Time

**Named Insured**
Singh Rx LLC
3412 W 13 Mile Rd
Royal Oak, MI 48073-6708

**Program Administered by:**
Healthcare Providers Service Organization
1100 Virginia Drive, Suite 250
Fort Washington, PA 19034-3278
215-509-5437
www.hpso.com

| Medical Specialty | Code |
|---|---|
| Pharmacist Firm | 59112 |
| Excludes Cosmetic Procedures | |

**Insurance is provided by:**
American Casualty Company of Reading, Pennsylvania
151 North Franklin Street, Chicago, IL 60606

**Professional Liability**

| Professional Liability | $1,000,000 each claim | $3,000,000 aggregate |
|---|---|---|

Your professional liability limits shown above include the following:
- Good Samaritan Liability • Malplacement Liability • Personal Injury Liability
- Sexual Misconduct included in the PL Limit shown above subject to $25,000 aggregate sublimit

**Coverage Extensions**

| | | | | |
|---|---|---|---|---|
| License Protection | $25,000 | per proceeding | $25,000 | aggregate |
| Defendant Expense Benefit | $1,000 | per day limit | $25,000 | aggregate |
| Deposition Representation | $10,000 | per deposition | $10,000 | aggregate |
| Assault | $25,000 | per incident | $25,000 | aggregate |
| Includes Workplace Violence Counseling | | | | |
| Medical Payments | $25,000 | per person | $100,000 | aggregate |
| First Aid | $10,000 | per incident | $10,000 | aggregate |
| Damage to Property of Others | $10,000 | per incident | $10,000 | aggregate |
| Enterprise Privacy Protection - Claims Made | $25,000 | per incident | $25,000 | aggregate |
| Retroactive Date: 03/26/18 - Defense inside limits | | | | |
| Media Expense | $25,000 | per incident | $25,000 | aggregate |
| Employed Practices Liability  Defense Only - Claims Made | $25,000 | each claim | $25,000 | aggregate |
| Prior Acts Date:  03/26/20 - Defense inside limits | | | | |

**Total: $1,166.00**

**Policy Forms & Endorsements**  (Please see attached list of policy forms and endorsements)

**Chairman of the Board**          **Secretary**

*Keep this document in a safe place. It and proof of payment are your proof of coverage. There is no coverage in force unless the premium is paid in full. In order to activate your coverage, please remit premium in full by the effective date of this Certificate of Insurance.*

Form #: CNA93692 (11/2018)

© Copyright CNA All Rights Reserved.

Master Policy #: 188711433

## POLICY FORMS & ENDORSEMENTS

The following are the policy forms and endorsements that apply to your current professional liability insurance policy.

### COMMON POLICY FORMS & ENDORSEMENTS

| FORM # | DESCRIPTION |
|---|---|
| G-121500-D | Common Policy Conditions |
| G-121501-C | Occurrence Policy Form |
| GSL13424 | Services to Animals |
| GSL13425 | Business Owner Coverage Extension Endorsement |
| GSL15564 | Sexual Misconduct Sublimits of Liability Professional Liability & Sexual Misconduct Exclusion |
| GSL15565 | Healthcare Providers Professional Liability Assault Coverage |
| GSL17101 | Exclusion of Specified Activities Reuse of Parenteral Devices and Supplies |
| CNA80052 | Distribution or Recording of Material or Information in Violation of Law Exclusion Endorsement |
| CNA94164 | Amended Definition of Claim Endorsement Health Care Provider Liability |
| G-123846-C21 | Michigan Cancellation and Non-Renewal |
| G-144292-A | Michigan Policyholder Notice |
| CNA79516 | Enterprise Privacy Protection Endorsement |
| CNA79575 | Cosmetic Procedures Exclusion |
| CNA89026 | Media Event Expenses Supplementary Payments Endorsement |
| CNA93658 | Employment Practices Liability Coverage Part - Defense Only |

Healthcare Providers Service Organization is a registered trade name of Affinity Insurance Services, Inc.; (TX 13695); (AR 100106022); in CA, MN, AIS Affinity Insurance Agency, Inc. (CA 0795465); in OK,  AIS Affinity Insurance Services, Inc.;  in CA, Aon Affinity Insurance Services, Inc., (CA 0G94493), Aon Direct Insurance Administrators and Berkely Insurance Agency and in NY , AIS Affinity Insurance Agency.



**HEALTHCARE  PROVIDERS**
**PROFESSIONAL LIABILITY INSURANCE**

**COMMON POLICY CONDITIONS**

We are the stock insurance company designated on the **certificate of insurance**. In consideration of the premium charged, and in reliance upon all statements made and information furnished to us, and subject to the provisions of this policy, we agree with **you** as follows:

**I.      TERMS AND CONDITIONS**

The terms and conditions of each Coverage Part apply only to that Coverage Part and shall not apply to any other Coverage Part. If any provision in the Common Policy Conditions is inconsistent or in conflict with the terms and conditions of any Coverage Part, the terms and conditions of such Coverage Part shall control for purposes of that Coverage Part.

**II.     DUTIES AS THE FIRST NAMED INSURED ON THE CERTIFICATE OF INSURANCE**

The first **named insured**, on behalf of all of **you**, will be:

A.   authorized to make changes in the terms of this policy with our consent;

B.   the payee of any premiums we refund;

C.   responsible for:

1.   the payment of all premiums due;

2.   keeping records of the information we need for premium computation, and sending us copies at such times as we may request;

3.   notifying us that the **named insured** wants to cancel this policy.

**III.    ASSISTANCE AND COOPERATION**

In the event of a **claim, you** shall**:**

A.   fully cooperate with us, or our designee, in the making of settlements, the conduct of suits or other proceedings, enforcing any right of contribution or indemnity against another who may be liable to **you** because of **injury** or **damage;**

B.   attend hearings, deposition and trials, assist in securing and giving of evidence, and assist in obtaining the attendance of witnesses;

C.   refuse, except at **your** own cost to voluntarily make any payment, assume any obligation or incur any expense without our written consent.

**IV.    SEPARATION OF INSUREDS**

This policy applies separately to each of **you** against whom a **claim** is brought except with respect to:

A.   the limits of liability; and

B.   any of **your** duties as the first **named insured** on the **certificate of insurance**.

**V.     CHANGES**

Notice to any person, other than our program administrator, or knowledge possessed by such person, shall not act as a waiver or change any part of this policy. It also will not prevent us from asserting any rights under the provisions of this policy. None of the provisions of this policy will be waived, changed or modified except by written endorsement issued to form a part of this policy.

At some time, we may make changes in our insurance policy forms. Where appropriate, these changes must conform to and be filed with state insurance supervisory authorities for approval. If, during **your policy period**, we make a policy change that extends or broadens **your** coverage, without increasing **your** premium, **your** coverage will automatically include such extension or broadening, on the effective date the change is approved in **your** state, except that this will not apply to **claims** that were reported to us prior to the effective date of such revision.

## VI.    TRANSFER OF INTEREST

**You** must first obtain our written consent to transfer or assign this policy.  If **you** die, the policy will continue for the remaining part of the **policy period**; first, for the benefit of **your** legal representative while acting within their duties as such, and second, for the benefit of anyone having proper temporary custody of **your** property until a legal representative is appointed.

## VII.   CONCEALMENT, MISREPRESENTATION, FRAUD

This policy is void in any case of fraud by **you** relating to it. It is also void if **you** intentionally conceal or misrepresent a material fact or circumstance concerning:

A.  this policy;

B.  any covered property or **your** interest in the covered property; or

C.  this insurance.

## VIII.   AVAILABILITY OF OTHER COVERAGE

This Policy is written as specific excess insurance over the  insurance policy, self-insured retention, deductible, indemnification agreement, trust agreement, patient compensation fund or other fund or risk transfer arrangement of any sort ("other insurance") provided by a third party. If any "other insurance" is available to **you**, such "other insurance" must pay first. It is the intent of this Policy to apply only to the amounts covered under this Policy which exceed the available limit of any "other insurance" whether primary, contributory, excess, contingent, or otherwise.  As such, this Policy will not contribute with any such "other insurance".

## IX.   INSURANCE UNDER MORE THAN ONE COVERAGE

If more than one of this policy's coverages apply to the same **injury** or **damage**, we will not pay more than the limit of liability of  the Coverage Part most applicable to the type of **injury** or **damage** sustained, or the actual amount of the **injury** or **damage**, whichever is less.

## X.   TRANSFER OF RIGHTS OF RECOVERY

If any of **you** for whom we make payment under this policy have rights to recover amounts from another, those rights are transferred to us to the extent of our payment.  **You** must do everything necessary to secure our rights and must do nothing after **injury** or **damage** to impair them.

## XI.   LEGAL ACTION LIMITATION

**You** may not bring any legal action against us concerning this policy until:

A.  **you** have fully complied with all the provisions of this policy; and

B.  the amount of **your** obligation to pay has been decided.  Such amount can be set by judgment against **you** after actual trial or by written agreement between **you**, the claimant and us.

Any entity, or their legal representative, is entitled to recover under this policy after they have secured a judgment or written agreement.  Recovery is limited to the extent of the insurance afforded by this policy.  No entity has any right under this policy to include us in any action against **you** to determine **your** liability, nor will we be brought into such an action by **you** or **your** representative.  If **you** or **your** estate becomes bankrupt or insolvent, it does not change any of our obligations under this policy.

**XII.   PREMIUM**

All premium charges under this policy will be computed according to our rules and rating plans that apply at the inception of the current **policy period**. All premiums are fixed and payable when due. They may be paid to us or our program administrator. The first premium is due on the inception date of the policy. We compute the premium **you** pay for this policy using information available prior to the effective date of the policy.

**XIII.   NON-RENEWAL/CANCELLATION**

This policy may be non-renewed or cancelled by us in accordance with requirements specified by the **named insured's** state insurance supervisory authorities and attached by amendatory endorsement to this policy.

The **named insured** first named on the **certificate of insurance** can cancel this policy at any time. To do so, such **named insured** must mail a written notice to us, telling us when the cancellation is to be effective.

**XIV.   RIGHT TO CLAIM INFORMATION**

Upon the written request of the **named insured**, we will provide the **named insured** with the following information relating to this and any preceding policy we have issued to the **named insured** during the previous three years:

A.   A list or other record of each **claim**, not previously reported to any other insurer, of which we were notified in accordance with these policy Conditions. We will include the date and brief description of the **claim** if that information was in the notice we received.

B.   A summary by policy year, of **claim** status and payments made, stated separately, for each Aggregate Limit of Liability shown on the **certificate of insurance**.

**You** must not disclose this information to any claimant or their representative without our written consent.

We compile **claim** information for our own business purposes and exercise reasonable care in doing so. In providing this information to the **named insured**, we and our program administrator make no representations or warranties to insureds, insurers, or others to whom this information is furnished by or on **your** behalf. Cancellation or non-renewal will be effective even if we inadvertently provide inaccurate information.

**XV.   TERRITORY**

This policy applies to **claims** brought against **you** in the United States of America, including its territories and possessions, Puerto Rico or Canada.

**XVI.   HEADINGS**

The descriptions in the headings and subheadings of this policy are solely for convenience, and form no part of the terms and conditions of coverage.

**XVII.   DEFINITIONS**

For purposes of this Policy, words in bold have the meaning set forth below. However, any bolded word referenced in these Common Policy Conditions but defined in a Coverage Part shall, for purposes of coverage under that Coverage Part, have the meaning set forth in that Coverage Part.

**"Area of specialization"** means body of knowledge or expertise attained through experience and training in the profession specified on the **certificate of insurance**.

**"Asbestos"** means the mineral in any form whether or not the **asbestos** was at any time:

1.   airborne as a fiber, particle or dust;

2.   contained in or formed a part of a product, structure or other real or personal property;

3.   carried on clothing;

4.   inhaled or ingested; or

5.   transmitted by any other means.

**"Auto"** means a land motor vehicle, trailer or semi-trailer designed for use on public roads.  Any attached apparatus or machinery is included.  Mobile equipment is not included.

**"Business Premises"** means the established primary practice location of the **named insured** business entity and approaches immediately adjoining this location.

**"Certificate of Insurance"** means the page of the policy, containing specific information about the **named insured**, including, but not limited to its **policy period**, limits of liability, premium, and policy number.

**"Claim"** means a demand for money or services alleging **injury** or **damage**.  **Claim** also means the filing of a suit or the starting of arbitration proceedings naming **you** and alleging **injury** or **damage**.

**"Claim Expenses"** means:

1.  fees charged by an attorney we designate; and

2.  all other fees, costs and expenses, including interest on that part of any judgment that does not exceed the limit of **your** coverage, which result from the investigation, adjustment, defense and appeal of a **claim**.

These expenses must be incurred by us, or by **you** with our prior written consent.

**"Claim Expenses"** does not include:

1.  salary charges of our regular **employees** or company officials; or

2.  fees and expenses of independent adjusters.

**"Consulting Services"** means the rendering of advice or recommendations in **your area of specialization**, and the services related to the implementation of such advice or recommendations, performed by **you** for others.  **Consulting services** also includes **expert witness** testimony by **you** for others, which is directly associated with **your area of specialization**.

**"Damage"** means:

1.  physical **injury** to tangible property, including all resulting loss of use of that property; or

2.  loss of use of tangible property that is not physically injured.

**"Employee"** means an individual whose work is engaged and directed by the **named insured.**

**"Expert Witness"** means one, who by reason of education or specialized experience, possesses superior knowledge respecting a subject, to assist the trier of fact, judge, jury or counsel in the understanding of complicated and technical subjects.

**"Family member"** means any person related to **you** by blood, marriage or adoption, whether or not living in **your residence**, including wards and foster children.  It also means any person not related to **you** who is residing in **your** home.

**"Hazardous Properties"** means any radioactive, toxic or explosive properties.

**"Hostile Fire"** means one that becomes uncontrollable or breaks out from where it was intended to be.

**"Injury"** has the meaning set forth in each individual coverage part**.**

**"Named Insured"** means the individual healthcare provider or business entity named on the **certificate of insurance** as the **named insured.**

**"Nuclear Facility"** means:

1.  any **nuclear reactor;**

2.  any equipment or device designed or used for:

    a.  separating the isotopes of uranium or plutonium,

    b.  processing or utilizing **spent fuel**, or

    c.  handling, processing or packaging **waste;**

3.  any equipment or device used for the processing, fabricating or alloying of special **nuclear material** if at any time the total amount of such material in the **named insured's** custody at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;

4.  any structure, basin, excavation, premises or place prepared or used for the storage or disposal of **waste**; or

5.  any site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

**"Nuclear Material"** means "byproduct material", "source material", and/or "special nuclear material" as defined in the Atomic Energy Act of 1954 and any of its amendments.

**"Nuclear Reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material. With respect to **damage** to or destruction of property, the word **damage** or destruction includes all forms of radioactive contamination of property or loss of use.

**"Personal Injury"** means **injury** arising out of one or more of the following offenses committed in the conduct of **your professional services**:

1.  testimony given at or arising out of inquests;

2.  malicious prosecution;

3.  false arrest, detention, imprisonment, wrongful entry or eviction or other invasion of the right of private occupancy;

4.  libel, slander or other disparaging materials;

5.  a violation of an individual's or entity's right to privacy;

6.  **assault**, battery, mental anguish, mental shock or humiliation;

7.  misappropriation of advertising ideas, trade secrets, or style of doing business; or

8.  infringement of patent, copyright, trademark, trade name, trade dress, service mark, service name, logo, title or slogan.

**"Placement Services"** means your responsibilities for arranging and qualifying suitable work for eligible healthcare providers.

**"Pollutants"** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and **waste**.  **Waste** includes materials to be recycled, reconditioned or reclaimed.  **Pollutants** does not mean heat, smoke or fumes from a **hostile fire**.

**"Policy Period"** means the time from 12:01 A.M. on the inception date of this Policy to the earlier of 12:01 A.M. of the expiration, termination or cancellation date of this Policy.  All times are determined by the **named insured's** address as set forth in the **certificate of insurance**.

**"Professional Services"** means those services for which **you** are licensed, certified, accredited, trained or qualified to perform within the scope of practice recognized by the regulatory agency responsible for maintaining the standards of the profession(s) shown on the **certificate of insurance** and which **you** perform as, or on behalf of, the **named insured**.  **Professional services** also means **your** services while acting in the profession(s) shown on the **certificate of insurance** as a member of a formal accreditation, standards review, or similar professional board or committee, including the directives of such board or committee.

**"Residence"** means the established primary personal **residence** of the **named insured** individual healthcare provider and approaches immediately adjoining such **residence**.

**"Spent Fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a **nuclear reactor**.

**"Waste"** means any product containing **nuclear material** other than the tailings produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its **nuclear material** content; or

resulting from the operation by any entity of any **nuclear facility** included under the first two paragraphs of the definition of **nuclear facility**.

**"Workplace"** means any location used by **you** to provide **professional services**.

**"You"** or **"Your"** has the meaning set forth in each Coverage Part.


IN WITNESS WHEREOF, we have caused this Policy to be executed by our Chairperson and Secretary, but this Policy shall not be binding upon us unless completed by the attachment of the **Certificate of Insurance** and payment of the applicable premium.


Chairman of the Board                                        Secretary

**HEALTHCARE PROVIDERS**
**PROFESSIONAL LIABILITY COVERAGE PART**

**OCCURRENCE**

THIS IS AN OCCURRENCE COVERAGE PART AND, SUBJECT TO ITS PROVISIONS, APPLIES ONLY TO THOSE CLAIMS WHICH ARE THE RESULT OF MEDICAL INCIDENTS THAT OCCURRED ON OR AFTER THE EFFECTIVE DATE OF COVERAGE, AND BEFORE THE EXPIRATION DATE STATED ON THE CERTIFICATE OF INSURANCE.  CLAIM EXPENSES SHALL BE IN ADDITION TO THE LIMIT OF LIABILITY.

**I.   COVERAGE AGREEMENTS**

Coverage under any of the following coverage agreements apply only to acts, errors or omissions, including **medical incidents, Good Samaritan incidents, placement services incidents,** or **personal injury**, which occurred on or after the effective date of coverage, and before the expiration date of the **policy period** stated on the **certificate of insurance.**

In addition to the limit of liability, we will also pay **claim expenses**.

**A.   PROFESSIONAL LIABILITY**

We will pay all amounts, up to the Professional Liability limit of liability stated on the **certificate of insurance,** that **you** become legally obligated to pay as a result of a **professional liability claim** arising out of a **medical incident** by **you** or by someone for whose **professional services you** are legally responsible.

**B.   GOOD SAMARITAN LIABILITY**

We will pay all amounts, up to the Good Samaritan Liability limit of liability stated on the **certificate of insurance,** that **you** become legally obligated to pay as a result of a **Good Samaritan claim** arising out of a **Good Samaritan Incident.**

**C.   PERSONAL INJURY LIABILITY**

We will pay all amounts, up to the **Personal Injury** Liability limit of liability stated on the **certificate of insurance**, that **you** become legally obligated to pay as a result of a **personal injury claim** arising out of **personal injury.**

**D.   MALPLACEMENT LIABILITY**

We will pay all amounts, up to the Malplacement Liability limit of liability stated on the **certificate of insurance**, that **you** become legally obligated to pay as a result of a **malplacement claim** arising out of a **placement services incident.**

**II.   COVERAGE EXTENSIONS**

Although payment does not arise from **claims**, we will pay amounts provided by these Coverage Extensions as follows:

A. LICENSE PROTECTION

We will pay **you** up to the License Protection limit of liability stated on the **certificate of insurance,** for attorney fees incurred by **you,** for **your** investigation and defense of **complaints.** Such **complaints** must:

1. arise from a **license protection incident** which occurred on or after the effective date of coverage, and before the expiration date of the **policy period** stated on the **certificate of insurance;** and

2. be filed against **you** with a state or federal administrative agency, licensing or regulatory authority responsible for regulating **your** professional conduct.

The amount payable for attorney fees will not exceed $150 per hour.

Included within, and not in addition to, this limit of liability are **covered expenses** incurred by **you** as a result of **your** required attendance at a **disciplinary hearing or proceeding.** The amount payable for **covered expenses** will not exceed $500 per proceeding.

In no event shall the amount payable hereunder exceed the per proceeding limit of liability and per **policy period** License Protection limit of liability shown on the **certificate of insurance** regardless of the number of **you** or the number of such proceedings**.**

**You** have the right to select **your** legal defense counsel, but only for the purpose of **your** defense of **complaint(s)** and **disciplinary hearings or proceedings** under this Coverage Extension.

B. DEFENDANT EXPENSE BENEFIT

We will pay **you** up to the Defendant Expense Benefit limit of liability stated on the **certificate of insurance**, for all **covered expenses** incurred by **you** as a result of a covered **claim**.

These amounts must result from **your** being required by us or by the defense attorney to attend a trial, hearing or proceeding. In no event shall the amount payable hereunder exceed the per proceeding limit of liability and all proceeding in the aggregate Defendant Expense Benefit limit of liability shown on the **certificate of insurance** regardless of the number of **you** or the number of such proceedings.

C. DEPOSITION REPRESENTATION

We will pay up to the Deposition Representation limit of liability stated on the **certificate of insurance,** for attorney fees, charged by an attorney we designate, to prepare **you** for deposition provided:

1. **you** receive a subpoena, during the **policy period,** for documents or testimony arising out of **professional services;** and

2. **you** provide us with a copy of the subpoena; and

3. the subpoena arises out of a lawsuit to which **you** are not a party; and

4. **you** have not been engaged to provide advice or testimony in connection with the lawsuit, nor have **you** provided such advice or testimony in the past.

Any notice **you** give us of such subpoena shall be deemed notification of a potential **claim** under the **DUTIES IN THE EVENT OF A CLAIM** section of this Coverage Part.

D. **ASSAULT**

We will pay **you** up to the **Assault** limit of liability stated on the **certificate of insurance,** for:

1. medical expenses **you** incur, for **injury** to **you;** or

2. reimbursement for **damage** to **your personal property**

resulting from an **assault** on **you** at **your workplace**, or while traveling to or from **your workplace** provided that:

1. such **assault** occurs during the **policy period**;

2. **you**, or someone acting on **your** behalf, give us written proof of **claim** and as soon as practicable, under oath if required, and execute authorizations to allow us to obtain copies of all medical documents relating to such **assault**;

3. **you** submit to physical examination by a physician(s) selected by us when, and as often as, we may reasonably require;

This coverage does not apply to **damage** to any mode of transportation used by **you** to go to and from **your workplace**, or **damage** to any business or **personal property** owned, leased or rented by any other person or business enterprise while in **your** possession.

This coverage does not apply to any **personal property** lost or stolen during an **assault** on **you**.

## E. MEDICAL PAYMENTS

We will pay up to the Medical Payments limit of liability stated on the **certificate of insurance**, regardless of fault, for necessary medical expenses caused by an incident, other than a **medical incident,** provided that:

1. the incident occurs during the **policy period;**

2. the expenses are  incurred  or medically ascertained within a three (3) year period from the date of the incident;

3. the incident results in **injury** to a person other than **you**,  while such person is:

   a. at the **named insured's residence** or **business premises** with the permission of the **named insured;** or

   b. away from the **named insured's residence** or **business premises** provided that the **injury** arises out of a condition at the **named insured's residence** or **business premises**;

4. the injured person(s), or someone acting on their behalf gives us written proof of **claim** and as soon as practicable, under oath if required, and execute authorizations to allow us to obtain copies of all medical documents relating to such **injury**;

5. the injured person submits to physical examination by a physician(s) selected by us when, and as often as, we may reasonably require;

6. **you** are not the injured party.

## F. FIRST AID

We will pay **you** up to the First Aid limit of liability stated on the **certificate of insurance**, amounts for which **you** voluntarily make payment or incur for first aid rendered to a person, other than **you,** as a result of **injury** caused by an incident, other than a **medical incident,** that occurs during the **policy period** and that **you** promptly report to us. The first aid must be provided within a 48-hour period after the **injury** occurred.

## G. **DAMAGE** TO PROPERTY OF OTHERS

We will pay up to the **Damage** to Property of Others limit of liability stated on the **certificate of insurance**, for **damage** that occurs during the **policy period** and is caused by **you** to the property of others provided such **damage**:

1. was not caused intentionally; and

2. occurred only at the **named insured's residence** or **your workplace**.

Within sixty (60) days from the date of **damage**, **you** must submit a sworn statement of such loss to us. **You** must also exhibit the **damaged** or destroyed property if such property is in **your** possession or control.

## III. DEFENSE AND SETTLEMENT

We have the right and duty to defend any **claim** that is a **professional liability claim**, **Good Samaritan Claim**, **personal injury claim** or **malplacement claim**. We will:

A.   do this even if any of the charges of such **claim** are groundless, false or fraudulent; and

B.   investigate and settle any **claim**, as we feel appropriate.

Our payment of the applicable limit of liability ends our duty to defend or settle. We have no duty to defend any **claims** not covered by this Coverage Part.

## IV. ADDITIONAL DEFINITIONS

For purposes of this Coverage Part only, words in bold have the meaning set forth below:

**"Assault"** means any willful attempt to inflict physical harm on **you** by another, which results in **injury** or **damage**.

**"Complaint"** means the official documentation required by an entity responsible for regulating **your** professional conduct to trigger an investigation of **you** for a **license protection incident.**

**"Covered Expenses"** means only expenses for travel, food, lodging, and wage loss. **You** must provide us with written documentation containing sufficient information and detail to identify **you**, the time, place and circumstances that resulted in such expenses. **You** must also identify the court and all parties to the action before the court.

**"Disciplinary Hearing or Proceeding"** means a hearing or professional review conducted by any state or federal administrative agency, licensing or regulatory authority responsible for regulating **your** professional conduct.

**"Injury"** means bodily **injury**, sickness, disease, mental or emotional distress sustained by a person, or death.

**"License Protection Incident"** means a **medical incident,** or an event or circumstance arising out of an actual or alleged violation of the standards that govern **your** profession, leading to a **complaint** filed against **you**, charging **you** with professional misconduct, incompetence or physical or mental incapacity, and which could result in a **disciplinary hearing or proceeding**.

**"Good Samaritan Claim"** means a **claim** arising out of a **Good Samaritan Incident**.

**"Good Samaritan Incident"** means any act, error or omission in **your** providing **professional services** in a sudden and unforeseen emergency situation for which no remuneration is expected, demanded or received.

**"Malplacement Claim"** means a **claim** arising out of a **placement services incident**.

**"Medical Incident"** means any act, error or omission in **your** providing **professional services** which results in **injury** or **damage**. **Medical incident** does not include a **Good Samaritan incident**, a **placement services incident** or **personal injury**.

**"Personal Injury Claim"** means a **claim** arising out of **personal injury**.

**"Personal Property"** means **your** property other than buildings and their appurtenances, consisting of the following:

1.   furniture, fixtures, machinery and equipment not permanently installed;

2.   all other  property, other than real property, owned by **you** and used in **your** practice; and

3.   merchandise held in storage or for sale, raw materials in process or finished goods, including supplies used in their packing or shipping.

**"Placement Services Incident"** means an act, error or omission arising from **your placement services**.

**"Professional Liability Claim"** means a **claim** arising out of a **medical incident**.

**"Related Claim"** means all **claims** arising out of a single act, error or omission or arising out of **related acts, errors or omissions** in the rendering of **professional services** or placement services.

**"Related acts, errors or omissions"** mean all acts, errors or omissions in the rendering of **professional services** or placement services that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

**"Supervision"** means **you** are working under a health-care plan set up by **your** employer, or by the group with whom **you** have contracted, to provide health-care services. Only those skills which the employer or group has verified **you** are qualified to perform will be included in the health-care plan.  **Supervision** requires verification, on a regular basis and by a licensed health-care professional qualified to supervise **your professional services**, that **you** are providing **your professional services** in conformance with the standard of care relevant to **your** practice location.

**"You"** or **"Your"** means the **named insured** and, if the **named insured** is not a natural person:

1. any individual who, during the **policy period,** is or becomes a partner, officer, director, stockholder-**employee**, manager, member or **employee** of the **named insured,** but only for **professional services** performed on behalf of the **named insured**; or

2. any individual who, during the **policy period**, is or becomes a substitute healthcare provider that the **named insured** contracts with, but only for **professional services** performed on behalf of the **named insured**; or

3. any individual previously affiliated with the **named insured** as its partner, officer, director, stockholder-**employee**, manager, member **or employee** but only for **professional services** performed on behalf of the **named insured** during the course of such employment.

## V.  EXCLUSIONS

We will not defend any **claim** for, or pay any amounts, including **claim expenses**, based on, arising out of, or related to:

A. **injury** to:

1. an **employee** of **yours** arising out of and in the course of employment by **you**; or

2. a **family member** of that **employee** as a consequence of 1 above; or

3. **your family member**;

This exclusion applies:

1. whether **you** may be liable as an employer or in any other capacity; or

2. to any obligation to share amounts with or repay someone else who must pay amounts because of the **injury**;

B. any unemployment, workers' compensation, disability benefits, or other similar law;

C. any of **your** acts, errors or omissions in **your** capacity as:

1. nurse anesthetist, nurse-midwife or midwife;

2. physician, dentist, chiropractor, or podiatrist;

3. self-employed perfusionist;

4. a healthcare student, healthcare aide, home healthcare aide, or dental hygienist, who is not subject to **supervision**.

D. any liability that **you** assume under any contract or agreement. This exclusion does not apply to:

1. liability **you** assume under a contract with a Health Maintenance Organization, Preferred Provider Organization, Independent Practice Association, or any other similar organization; but only for such liability as is attributable to **your** alleged negligence; or

2. a warranty of fitness or quality of any therapeutic agents or supplies **you** have furnished or supplied in connection with treatment **you** have performed;

E. any liability **you** have for a business or profession, including **consulting services**, other than that named on the **certificate of insurance**;

F.  a willful violation of a statute, ordinance or regulation imposing criminal penalties. We will defend any civil suit against **you** seeking amounts, which would be covered if this exclusion did not apply. In such case, we will pay only **claim expenses**;

G.  **injury** or **damage** based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving **your** owning, using, loading, taking care of, operating, leasing or renting, loading or unloading of patients or property from, transporting patients in, or entrusting to others an **auto**, mobile equipment, watercraft or aircraft, including an **auto**, mobile equipment, watercraft or aircraft which is loaned to the **named insured** or which is operated for the **named insured** by its **employee**, including an **employee**-owned **auto**.

H.  any **injury**, or **damage**:

1.  with respect to which **you** are also an insured under a Nuclear Energy Liability Policy issued by:

   a.  Nuclear Energy Liability Insurance Association; or

   b.  Mutual Atomic Energy Liability Underwriters; or

   c.  Nuclear Insurance Association of Canada,

   or any of their successors, or would be an insured under any such policy if it had not terminated due to exhaustion of its limits of liability; or

2.  resulting from the **hazardous properties** of **nuclear material** and with respect to which:

   a.  any person, organization or entity is required to maintain financial protection pursuant to the Atomic Energy Act of 1954 or any of its amendments, or

   b.  **you** are, or had this policy not been issued would be, entitled to indemnity from the United States of America or any of its agencies, under any agreement entered into by the United States of America or any of its agencies with any person, organization or entity;

3.  resulting from the **hazardous properties** of **nuclear material** if:

   a.  the **nuclear material**:

      i)   is at any **nuclear facility** owned or operated by or on **your** behalf; or

      ii)  has been discharged or dispersed therefrom; or

      iii) is contained in **spent fuel** or **waste** at any time possessed, handled, used, processed, stored, transported or disposed of by or on **your** behalf;

   b.  the **injury** or destruction arises out of the furnishing by **you** of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any **nuclear facility**. If such facility is within the United States of America, its territories, possessions or Canada, this subparagraph 3.b. applies only to **injury** to or destruction of property at such **nuclear facility.**

I.  the return or withdrawal of fees or government payments imposed directly upon **you**; any fines, penalties or sanctions; punitive or exemplary amounts; or the multiplied portion of any multiplied award, imposed by law;

J.  liability resulting from **professional services you** provide while **your** license or certification to practice is suspended, revoked, or no longer valid;

K.  **injury** or **damage you** expected or intended, or which a reasonable person would have expected.  This exclusion does not apply to **injury** or **damage** resulting from the use of reasonable force to protect persons or property;

L.  actual or alleged involvement in any:

1.  federal or state anti-trust law violation; or

2.  agreement or conspiracy to restrain trade.

This exclusion does not apply to **claims** arising from **your** activity as a member of any committee, panel, or board which provides underwriting or claims advice or recommendations, provided **your** activity is within the scope of the committee's, panel's, or board's established guidelines;

M. any loss, cost or expense:

    1. which would not have happened in whole or in part, but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time; or

    2. arising out of any:

        a. **claim** or suit by or on behalf of a governmental authority for amounts because of testing for, monitoring, cleaning up, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **pollutants**; or

        b. request, demand or order that **you** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effect of **pollutants**;

N. any **claim** arising out of any act, error or omission, including a **medical incident, Good Samaritan incident, placement services incident** or **personal injury** that happened before the effective date of this policy;

O. any direct or consequential **injury** or **damage** arising out of any:

    1. refusal to employ; or

    2. termination of employment; or

    3. coercion, demotion, reassignment, defamation, harassment, humiliation, discrimination or other employment related practices, policies, acts or omissions;

P. any act of sexual intimacy, sexual molestation or sexual **assault**.  We shall provide **you** with a defense of such **claim** unless or until such act has been determined to have occurred, by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not.  Such defense will not waive any of our rights under this Policy.  Criminal proceedings are not covered under this Policy regardless of the allegations made against **you**;

Q. any loss, cost or expense arising out of, relating to, or involving the actual, alleged or threatened exposure at any time to **asbestos**; or that may be awarded or incurred:

    1. by reason of a **claim** or suit relating to **asbestos**; or

    2. in complying with a governmental directive or request to test for, monitor, clean up, remove, contain, or dispose of **asbestos.**

## VI.   LIMIT OF LIABILITY

A.   Each **Claim**

The limits of liability stated on the **certificate of insurance** as applicable to "each **claim"** means that our liability for such **claim** shall not exceed such stated amount.

B.   Aggregate

Subject to provision A. above, limits of liability stated on the **certificate of insurance** as applicable to "all **claims** in the aggregate" means that our liability shall not exceed such stated amount.

C.   **Claim Expenses**

**Claim expenses** are in addition to our limits of liability.

D.   Multiple Insureds, **Claims** and Claimants

The limits of liability shown on the **certificate of insurance** is the maximum amount we will pay regardless of the number of **you** insured under this Coverage Part, **claims** made or persons or entities making **claims**.

E.   **Related Claims**

If **related claims** are made against **you**, all such **related claims** shall be considered a single **claim**, and the limits of liability applicable to such **claim** shall be the limits of liability applicable to the policy period in force when the act, error or omission, or earliest of **related acts, errors or omissions**, occurred.

## VII.   DUTIES IN THE EVENT OF A CLAIM

The **named insured** must notify us, or our program administrator, in writing, as soon as practicable, of any act, error or omission, including **medical incidents, Good Samaritan incidents, placement services incidents** or **personal injury** that may result in a **claim.** To the extent possible, notice should include:

A.   How, when and where such act, error or omission or **claim** took place;

B.   The names and addresses of any injured persons or witnesses; and

C.   The nature and location of any **injury** or **damage** arising out of such act, error or omission or **claim**.



**SERVICES TO ANIMALS**

In consideration of the premium paid, it is agreed that the **PROFESSIONAL LIABILITY COVERAGE PART**, **Section V. Exclusions**, and, where applicable, **Section IV. Exclusions** in the **WORKPLACE LIABILITY** AND **GENERAL LIABILITY COVERAGE PARTS** are amended to add the following:

We will not defend any **claim** for, or pay any amounts, including **claim expenses,** based on, arising out of, or related to any **damage** to an animal except that this exclusion is not applicable to **PROFESSIONAL LIABILITY COVERAGE PART, SECTION II. G. DAMAGE TO PROPERTY OF OTHERS** if such **damage** occurs while **you** are:

     1.     rendering **professional services** to such animal, and

     2.     not precluded from providing such services to animals by State or other governing authority.

Solely as respects coverage afforded under this endorsement, the limit of liability available for any such **claim** will be the Damage to Property of Others aggregate limit stated on the **certificate of insurance** and will not be subject to the per occurrence limit stated on the **certificate of insurance**. No other limits of liability will apply.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.


By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

---

GSL13424XX (5-09)

Page 1

Insured Name:  Singh Rx LLC

Policy No:  0656305643
Endorsement No:  1
Effective Date:

© CNA  All Rights Reserved.

This page was intentionally left blank.



**BUSINESS OWNER COVERAGE EXTENSION ENDORSEMENT**

In consideration of the premium paid, it is agreed that the definition of **"You"** or **"Your"** is amended wherever it may appear within the **PROFESSIONAL LIABILITY COVERAGE PART**, **WORKPLACE LIABILITY COVERAGE PART**, **GENERAL LIABILITY COVERAGE PART**, and **COMMON POLICY CONDITIONS** as follows:

**"You"** or **"Your"** also means the business owner of the **named insured,** but solely to the extent such business owner is:

      a.    providing **professional services**; and

      b.    acting within the scope of his or her employment in the profession shown on the certificate of insurance issued to the **Named Insured.**

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown below.

By Authorized Representative _____
(No signature is required if issued with the Policy or if it is effective on the Policy Effective Date)

---

Policy No:   0656305643
Endorsement No:   1
Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.

This page was intentionally left blank.



**SEXUAL MISCONDUCT SUBLIMITS OF LIABILITY - PROFESSIONAL LIABILITY
AND SEXUAL MISCONDUCT EXCLUSION - GENERAL LIABILITY AND WORKPLACE LIABILITY
ENDORSEMENT**

It is understood and agreed that in consideration for premium paid, this endorsement amends coverage under the **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART CLAIMS MADE**, the **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART OCCURRENCE**, the **HEALTHCARE PROVIDERS GENERAL LIABILITY COVERAGE PART**; and the **HEALTHCARE PROVIDERS WORKPLACE LIABILITY COVERAGE PART**.

**I.**   **SECTION VI., LIMITS OF LIABILITY** of the **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART CLAIMS MADE** and the **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART OCCURRENCE** are amended as follows:

  A.   The **sexual misconduct** Aggregate sublimit of liability shown on the **Certificate of Insurance** is the most we will pay for the sum of all amounts you are legally obligated to pay as a result of any **claims** against you involving any act of **sexual misconduct** arising out of or related to **professional services** rendered by **you** or by someone for whose **professional services you** are legally responsible, provided that **sexual misconduct** has not been determined to have occurred by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not.

  B.   This **sexual misconduct** aggregate sublimit of liability shall apply:

  1.   in the event that **sexual misconduct** is alleged, whether in a complaint, during discovery, at trial or  otherwise, regardless of the legal or factual theory of recovery advanced, including but not limited to assertions of improper or negligent hiring or employment, or failure to investigate or supervise; and

  2.   to any and all such **claims** arising out of the same or related acts or omissions.

  C.   The **sexual misconduct** aggregate sublimit of liability shall be included within, and is not in addition to, the Aggregate Limit of Liability set forth on the **Certificate of Insurance.**

**II.**   Solely with respect to coverage pursuant to the terms of this endorsement, the last paragraph of **SECTION III. DEFENSE AND SETTLEMENT** of the **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART CLAIMS MADE** and the **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART OCCURRENCE** is deleted and replaced with the following:

  Our payment of the applicable limit of liability, or the applicable sublimit of liability, ends our duty to defend or settle. We have no duty to defend any **claims** not covered by this Coverage Part.

**III.**   **Section IV, ADDITIONAL DEFINITIONS** of the **PROFESSIONAL LIABILITY COVERAGE PART** and **SECTION III. ADDITIONAL DEFINITIONS** of the **WORKPLACE LIABILITY COVERAGE PART** or **GENERAL LIABILITY COVERAGE PART**, when attached to this Policy, are amended with the addition of the following new definitions:

  •   **Sexual Misconduct** means:

  •   any type of physical touching or caressing, or attempt thereof, or suggestion thereof by **you** or by any person  for whom **you** may be legally responsible, which could be considered sexual or erotic in nature, including  consensual sexual activity or sexual activity in contravention of any professional code of ethics or conduct; or

  •   any act of sexual assault, harassment, abuse or molestation.

---

Policy No:  0656305643
Endorsement No:  1
Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



IV.    **SECTION V. EXCLUSIONS** of the **PROFESSIONAL LIABILITY COVERAGE PART CLAIMS MADE** and the **PROFESSIONAL LIABILITY COVERAGE PART OCCURRENCE** is amended as follows:

**EXCLUSION P** is deleted in its entirety and replaced with the following:

any act of **sexual misconduct** which has been determined to have occurred, by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not.

This exclusion applies to all **claims** arising out of acts of **sexual misconduct** regardless of the legal theory or basis upon which the insured is alleged to be liable, including but not limited to assertions of improper or negligent hiring or employment, or failure to investigate or supervise.

V.    **Section IV. EXCLUSIONS** of the **WORKPLACE LIABILITY COVERAGE PART** and the **GENERAL LIABILITY COVERAGE PART** are amended to delete **Exclusion V.** in its entirety and replace it with the following:

V.    any act of **sexual misconduct**. Criminal proceedings are not covered under this Policy regardless of the allegations made against **you** or any legal or factual finding related thereto.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

---

GSL15564XX (10-09)                                      Policy No:   0656305643
Page 2                                                 Endorsement No:   1
                                                       Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



**HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY**
**ASSAULT COVERAGE**

In consideration of the premium paid, it is understood and agreed that this endorsement amends coverage under the **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART** as follows:

The **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART**, **Section II. COVERAGE EXTENSIONS**, paragraph **D. Assault** is deleted in its entirety and replaced by the following:

**D.      ASSAULT**

We will pay **you** up to the **Assault** limit of liability stated on the **certificate of insurance,** for:

1.      medical expenses **you** incur for **injury** to **you,** including any medical expenses incurred for emotional counseling**;** or

2.      reimbursement for **damage** to **your personal property**, resulting from an **assault** on **you** at **your workplace**, or while traveling to or from **your workplace** provided that:

1.      such **assault** occurs during the **policy period**;

2.      **you**, or someone acting on **your** behalf, give us written proof of **claim** as soon as practicable, under oath if required, and executed authorizations allowing us to obtain copies of all medical documents relating to such **assault**; and

3.      **you** submit to physical examination by a physician(s) selected by us when, and as often as we may reasonably require.

This coverage does not apply to **damage** to any mode of transportation used by **you** to go to and from **your workplace**, or **damage** to any business or **personal property** owned, leased or rented by any other person or business enterprise while in **your** possession.

This coverage does not apply to any **personal property** lost or stolen during an **assault** on **you**.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

GSL15565XX (3-10)
Page 1

Policy No:   0656305643
Endorsement No:   1
Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.

This page was intentionally left blank.



**EXCLUSION OF SPECIFIED ACTIVITIES - REUSE OF PARENTERAL DEVICES AND SUPPLIES**

In consideration of the premium paid, it is understood and agreed that coverage under the **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART**, **HEALTHCARE PROVIDERS GENERAL LIABILITY COVERAGE PART**, and the **HEALTHCARE PROVIDERS WORKPLACE LIABILITY COVERAGE PART** are amended as follows:

**Section V. EXCLUSIONS** of the **Healthcare Providers Professional Liability Coverage Part** and **Section IV Exclusions** of the **General Liability Coverage Part** and the **Workplace Liability Coverage Part** are amended with the addition of the following **Exclusion**:

We will not defend any **claim** for, or pay any amounts, including **claim expenses**, based on, arising out of, or related to any acts, errors or omissions involving reuse of:

1.    needles, syringes;

2.    catheters, ports, including implanted ports;

3.    intravenous solution whether intended for direct intravenous administration or as a source of diluent for medication or any other substance to be administered parenterally;

4.    intravenous medications intended for direct intravenous administration, including heparin or sodium chloride used for flushing venous access devices;

5.    lines, including intravenous lines, tubing, and any connectors thereto; or

6.    any other type of parenteral device or supply used to inject medications or to administer parenteral substances, or to withdraw blood samples in contravention of:

a.    the instructions, warnings, or recommendations of the manufacturer of such parenteral device or supply; or

b.    any standards regarding safe injection practices, intravenous therapy guidelines, infection control, or any other pertinent recommendations or guidelines promulgated by the Center for Disease Control and Prevention or other state or federal agency or governmental authority regulating the use of any such parenteral device or supply.

Reuse includes:

(1)    the use of any catheter, line, or tubing, including any connectors thereto, on any person after its removal from a person, or after its use for any other purpose wherein it may have become contaminated, or is otherwise no longer sterile; or

(2)    the introduction of any syringe, needle, or any other parenteral device or supply into a multidose vial or intravenous solution after its use.

Reuse does not include more than one parenteral access of a single patient by means of an implanted port or an indwelling venous access device intended to be used for multiple parenteral access, including but not limited to peripheral venous devices, an arterial device, a central venous device, including tunneled and non-tunneled devices, or a PICC (peripherally inserted central catheter) line provided that any such procedure comports with:

(a)     the instructions, warnings, or recommendations of the manufacturer of such parenteral device or supply;

(b)    any standards regarding safe injection practices, intravenous therapy guidelines, infection control, or any other pertinent recommendations or guidelines promulgated by the Center for Disease Control and Prevention; or other state or federal agency or governmental authority regulating the use of any such parenteral device or supply, including any protocol prohibiting reuse of any syringe, needle, or other parenteral device or supply to access such port or device.

© CNA  All Rights Reserved.



All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

GSL17101 (2-10)                                                    Policy No:  0656305643
Page 2                                                              Endorsement No:  1
                                                                   Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



**HEALTHCARE PROVIDERS - DISTRIBUTION OR RECORDING OF MATERIAL OR INFORMATION IN VIOLATION OF LAW EXCLUSION ENDORSEMENT**

This endorsement modifies coverage provided under the:

**HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART – OCCURRENCE**

**HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART – CLAIMS MADE**

**HEALTHCARE PROVIDERS WORKPLACE LIABILITY COVERAGE PART**

**HEALTHCARE PROVIDERS GENERAL LIABILITY COVERAGE PART**

It is understood and agreed that the Policy is amended as follows:

The **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART**, the **HEALTHCARE PROVIDERS WORKPLACE LIABILITY COVERAGE PART** and the **HEALTHCARE PROVIDERS GENERAL LIABILITY COVERAGE PART**, the sections entitled **EXCLUSIONS**, are amended with the addition of the following new exclusion:

We will not defend any **claim** for, or pay any amounts, including **claim expenses**, based on, arising out of, or related to:

- any actual or alleged violation of:

  **A.** the Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;
  **B.** the CAN-SPAM Act of 2003, including any amendment of or addition to such law;
  **C.** the Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transaction Act (FACTA);
  **D.** any statute, ordinance, regulation or law other than the TCPA, CAN-SPAM Act of 2003, or FCRA, including FACTA, and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information; or
  **E.** any statute, ordinance, regulation or law which prohibits or limits the conversion or consumption of another's tangible property or electronic assets. For the purpose of this provision, electronic assets include but are not limited to minute allowances, text message allowances, and other electronic consumables.

All other terms and conditions of the Policy remain unchanged.

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

CNA80052XX (9-14)                                          Policy No: 0656305643
Page 1                                                 Endorsement No: 1
                                                       Effective Date:

Insured Name: Singh Rx LLC

© CNA All Rights Reserved.

This page was intentionally left blank.



**AMENDED DEFINITION OF CLAIM ENDORSEMENT HEALTH CARE PROVIDER
PROFESSIONAL LIABILITY, GENERAL LIABILITY AND WORKPLACE LIABILITY COVERAGE PARTS**

It is understood and agreed that the Policy is amended as follows:

Solely as respects the Professional Liability Coverage Part, the General Liability Coverage Part and the Workplace Liability Coverage Part, the **COMMON CONDITIONS**, the section entitled **DEFINITIONS**; the definition of **"claim"** is deleted in its entirety and replaced as follows:

**"Claim"** means a demand for money or services alleging **injury** or **damage**. **Claim** also means the filing of a suit or the starting of arbitration proceedings naming **you** and alleging **injury** or **damage**. However, no demand for money or services alleging **injury** or **damage** or filing of suit or starting of arbitration proceedings naming **you** and alleging **injury** or **damage** is a **claim** unless such demand is made, such suit is filed or such arbitration proceeding is started:

A.  As respects the Professional Liability Coverage Part:

1.  by a natural person to whom **you** or someone for whom **you** are legally liable, provided **professional services**, but solely for such natural person's **injury** or **damage**; or

2.  by such natural person's family member, legal guardian or estate, but solely for **injury** or **damage; and**

B.  As respects the General Liability Coverage Part and the Workplace Liability Coverage Part:

1.  by a natural person, for his or her **injury** or **damage** caused by a **product** for which **you** are legally liable**;** or

2.  by such natural person's family member, legal guardian or estate, **but** solely for injury or **damage** caused by a **product** for which **you** are legally liable.


All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

---

Policy No:   0656305643
Endorsement No:   1
Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.

This page was intentionally left blank.

**HEALTHCARE PROVIDERS**
**PROFESSIONAL LIABILITY INSURANCE ENDORSEMENT**

**CANCELLATION AND NON-RENEWAL ENDORSEMENT**

**STATE OF MICHIGAN**

It is hereby agreed that Common Policy Conditions, XIII. NON-RENEWAL/CANCELLATION is deleted in its entirety and replaced with the following:

**XIII.    NON-RENEWAL/CANCELLATION**

A.    Cancellation by the **named insured**

The **named insured** has the right to cancel this Policy at any time by giving notice to us stating when thereafter the cancellation shall be effective.  If the Policy is so canceled, earned premium shall be computed pro rata.

B.    Cancellation by us

We have the right to cancel this Policy by mailing notice of cancellation at least thirty (30) days prior to the effective date of such cancellation.  If we cancel for non-payment of premium, we must mail notice of cancellation at least ten (10) days prior to the effective date of such cancellation.

If we cancel, notice must be sent with or without tender of the excess of paid premium or assessment above the pro rata premium for the expired time.

The minimum earned premium shall not be less than the pro rata premium for the expired time or $25.00 whichever is greater.

C.    Non-Renewal by us

We have the right to non-renew this Policy effective on any policy anniversary date.  All notices of non-renewal must be mailed to the **named insured** at the last mailing address known to us, at least thirty (30) days prior to the effective date of non-renewal and shall provide a specific explanation of the reason(s) for non-renewal.

This endorsement is a part of **your** policy and takes effect on the effective date of **your** policy, unless another effective date is shown below.  All other provisions of the policy remain unchanged.

| *Must Be Completed* | | *Complete Only When This Endorsement Is Not Prepared with the Policy* <br> *Or Is Not to be Effective with the Policy* | |
|---|---|---|---|
| ENDT. NO. | POLICY NO. | ISSUED TO | EFFECTIVE DATE OF <br> THIS ENDORSEMENT |
| 1 | 0656305643 | Singh Rx LLC | |

G-123846-C21 (7/2001)

This page was intentionally left blank.

G-144292-A
(ED. 03/03)

# IMPORTANT INFORMATION

**MICHIGAN**

**NOTICE TO EXEMPT COMMERCIAL POLICYHOLDERS**
**DEREGULATION - FORMS & RATES**

This policy is exempt from the filing requirements of Section 2236 of the Insurance Code of 1956, 1956 PA 218, MCL 500.2236.

This page was intentionally left blank.



## ENTERPRISE PRIVACY PROTECTION ENDORSEMENT

**THE LIABILITY COVERAGES PROVIDED IN THIS ENDORSEMENT ARE WRITTEN ON A "CLAIMS-MADE" BASIS AND PROVIDE COVERAGE FOR THOSE CLAIMS WHICH ARE THE RESULT OF WRONGFUL ACTS OCCURRING ON OR AFTER THE PRIOR ACTS DATE, AND WHICH ARE FIRST MADE AGAINST YOU DURING THE POLICY PERIOD AND WHICH ARE REPORTED IN ACCORDANCE WITH THE TERMS OF THIS ENDORSEMENT. NO COVERAGE EXISTS FOR CLAIMS FIRST MADE AGAINST YOU AFTER THE END OF THE POLICY PERIOD UNLESS, AND TO THE EXTENT, AN EXTENDED REPORTING PERIOD APPLIES. DEFENSE COSTS ARE WITHIN THE LIMIT OF LIABILITY.**

In consideration of an additional premium scheduled below, it is understood and agreed that the **Professional Liability Coverage Part** is amended as follows:

**MAXIMUM AGGREGATE LIMIT OF LIABILITY**
All **damages**, **claim expenses**, **privacy event expenses** in the Aggregate     <u>$25,000</u>

**COVERAGE AGREEMENTS**
**Privacy Injury Liability**
each **Claim** and in the Aggregate     <u>$25,000</u>

**Privacy Regulation Proceeding**
each **Claim** and in the Aggregate     <u>$25,000</u>

**Privacy Event Expense**
each **Privacy Event** and in the Aggregate     <u>$25,000</u>

**ENTERPRISE PRIVACY PROTECTION PRIOR ACTS DATE**     <u>03/26/18</u>

**PREMIUM**     <u>$100.00</u>

I.     **COVERAGE AGREEMENTS**

The section entitled **COVERAGE AGREEMENTS** is amended to add the following new Coverage Agreements:

A.     **PRIVACY INJURY COVERAGE AGREEMENTS**

If the Coverage Agreement has been purchased, as indicated above, we will pay on behalf of **you** all sums up to the applicable limit of liability that **you** shall become legally obligated to pay:

    1.     **Privacy Injury Liability**

as **damages** and **claim expenses** resulting from any **claim** first made against **you** during the **policy period**, or any **extended reporting period**, if applicable, alleging **wrongful acts** by **you** or by someone (including a **rogue employee** or **third-party custodian**) for whose **wrongful acts you** are legally liable;

    2.     **Privacy Regulation Proceeding**

as **damages** (including **privacy regulation fines**) and **claim expenses** resulting from any **claim** first made against **you** during the **policy period**, or any **extended reporting period**, if

Policy No:  0656305643
Endorsement No:  1
Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



applicable, alleging **wrongful acts** by **you** or by someone (including a **rogue employee** or **third-party custodian**) for whose **wrongful acts you** are legally liable;

Provided that:

**a.**      prior to the inception date of this Policy or the first such policy issued and continuously renewed by us, of which this Policy is a renewal, whichever is earlier;

    **1.**      **you** did not know or should not have known that any such **wrongful act**, or **related wrongful act**, might result in such **claim**;

    **2.**      such **wrongful act** has not been the subject of any notice given under any prior policy;

**b.**      such **wrongful act** occurred on or after the applicable **prior acts date** and prior to the end of the **policy period**; and,

**c.**      the **claim** is reported to us in accordance with the section entitled **Notice of Claims/Circumstances** of this endorsement;

**d.**      such **claim** is not covered under any other coverage agreement of this Policy or any other coverage issued by us, or any affiliate of us

**B.**      **PRIVACY EVENT EXPENSE**

If the Coverage Agreement has been purchased, as indicated above, we will reimburse the **named insured** for **privacy event expenses**, up to the **privacy event expenses** limit of liability provided that:

**1.**      the **privacy event** is first discovered during the **policy period**;

**2.**      the **privacy event expenses** were incurred within twelve months after the date that **you** report the **privacy event**, in accordance with the section entitled **Notice of Claims or Circumstances** of this endorsement and such amounts are consented to in writing by us, such consent may not to be unreasonably withheld; and,

**3.**      there is no other coverage issued by us, or any affiliate of us, that provides coverage for such **privacy event**.

## II.      LIMITS OF LIABILITY

Solely with respect to the coverage provided by this endorsement, the section entitled **LIMITS OF LIABILITY** is amended to add the following new paragraphs:

- Maximum Limit of Liability For All Coverage Provided By This Endorsement

  Our maximum Limit of Liability for all **damages, claim expenses** and **privacy event expenses** shall be the limit stated in the Coverage Schedule above. Such limit of liability shall be in addition to the limit of liability provided on the Certificate of Insurance of this Policy.

- All **Claims** Aggregate Limit of Liability

  Subject to the maximum aggregate limit of liability, our limit of liability for **damages** and **claim expenses** shall not exceed the amount set forth in the Coverage Schedule above. This amount is a sublimit of liability

---

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.

**CNA**

which further reduces, and in no way increases the Maximum Aggregate Limit of Liability of this endorsement.

- Aggregate Privacy Event Expense Limit of Liability

The amount set forth above as the **privacy event** expense limit is the total amount we will reimburse the **named insured** for all covered **privacy event expenses**. This payment is a sublimit and is part of and not in addition to the maximum aggregate limit of liability as stated in the Coverage Schedule above.

## III.   ADDITIONAL DEFINITIONS

Solely with respect to the coverage provided by this endorsement, the section entitled **ADDITIONAL DEFINITIONS** is amended to add the following new terms:

**"Confidential Health Information"** means information pertaining to a patient or client that has been received or created by **you** or provided by **you** to another, subject to protection pursuant to "HIPAA", including an individual's health, or healthcare treatment information, including the fact that any such individual has been treated by any provider.

**"Extended Reporting Period"** means the time after the **policy period**, for reporting **claims** arising out of **wrongful acts** which occurred on or after the applicable **Prior Acts Date** set forth in the Schedule of this endorsement and prior to the end of the **policy period**.

**"Prior Acts Date"** means the effective date of the first **policy period** to which this endorsement is attached and that is in a continuous series to the current policy effective date.

**"Privacy Event"** means any act, error or omission which, in the reasonable opinion of the **named insured** did cause or is reasonably likely to result in the unauthorized disclosure or the unauthorized use of **protected information**.

**"Privacy Event Expenses"** means all reasonable and necessary fees, costs and expenses incurred by the **named insured** and consented to by us:

**A.**   to directly affect compliance with a **security breach notice law** including notification to individuals or entities who are required to be notified;

**B.**   to provide voluntary notification to individuals or entities whose **protected information** may have been subject to a **privacy event**;

**C.**   to hire a computer forensics firm to investigate the existence and cause of a **privacy event** and to determine the extent such **protected information** has been or may have been disclosed;

**D.**   to hire an attorney or expert to determine the applicability of and the actions necessary to comply with **security breach notice laws**;

**E.**   to minimize harm to the **named insured's** reputation from a **privacy event**, including but not limited to the costs to set up a call center or provide a credit monitoring service for those impacted by a **privacy event**.

However, **privacy event expenses** do not include the costs, fees and expenses necessary to remediate any deficiencies that gave rise to the **privacy event**.

**"Privacy Injury"** means:

---

CNA79516XX (7-14)                                                          Policy No:   0656305643
Page 3                                                                     Endorsement No:   1
                                                                          Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



**A.** unauthorized collection, disclosure, use, access, destruction or modification of **protected information**;

**B.** failure to implement, maintain, or comply with policies and procedures stating the **named insured's** obligations with regard to **protected information**.

**"Privacy Regulation Fines"** means civil fines, sanctions or penalties insurable under applicable law and imposed under any **privacy regulation proceeding** for a violation of any **security breach notice law** or any law, statute or regulation governing **protected information**.

**"Privacy Regulation Proceeding"** means a civil, administrative or regulatory proceeding or by a federal, state, local or foreign governmental authority, including a complaint, investigation or hearing instituted against **you** by the Department of Health and Human Services or its designee alleging a violation of responsibilities or duties imposed upon **you** under the Health Insurance Portability and Accountability Act ("HIPAA") or any rules or regulations promulgated thereunder, with respect to the management of **protected Information** alleging a **wrongful act** as defined in paragraph **2.** of the definition of **wrongful act**.

**"Protected Information"** means any information relating to an identified or identifiable natural person, including **confidential health information** pertaining to a patient or client that has been received or created by **you** or provided by **you** to another, subject to protection pursuant to "HIPAA", including an individual's health, or health care treatment information, including the fact that any such individual has been treated by any provider.

**"Related Wrongful Act"** means all **wrongful acts** that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

**"Rogue Employee"** means a past, present or future employee of the **named insured** who acts outside of his or her scope of employment.

**"Security Breach Notice Law"** means any statute or regulation that requires an entity that maintains **protected information** to provide notice to specified individuals of any actual or potential unauthorized disclosure or potential disclosure of such **protected information**.

**"Third-Party Custodian"** means any third party to whom the **named insured** entrusts **protected information**.

**"Wrongful Act"** means:

**A.** with respect to **Coverage Agreement 1.A.1.** only, **wrongful act** means any **privacy injury**;

**B.** with respect to **Coverage Agreement 1.A.2.** only, **wrongful act** means any actual or alleged act, error or omission that results in a violation of any statute or regulation governing **protected information** or any violation of a **security breach notice law**.

## IV. REVISED DEFINITIONS

Solely with respect to the coverage provided by this endorsement, the terms **Claim, Claim Expenses**, **Damages** and **Related Claims** are deleted in their entirety and replaced as follows:

**"Claim"** means:

**A.** a written demand for monetary damages or non-monetary relief, including a demand for injunctive or declaratory relief;

**B.** a civil proceeding in a court of law or equity or any alternative dispute resolution proceeding;

Policy No: 0656305643
Endorsement No: 1
Effective Date:

Insured Name: Singh Rx LLC

© CNA All Rights Reserved.

**CNA**

C.       a **privacy regulation proceeding**,

against **you**, alleging a **wrongful act** including any appeal therefrom. **Claim** also means a written request received by the **named insured** to toll or waive a statute of limitations in connection with a **claim** as defined by paragraphs **B.** and **C.** above.

However, a **claim** does not include any criminal proceeding or criminal or civil investigation. Nor does a **claim** include any regulatory proceeding except if the regulatory proceeding is a **privacy regulation proceeding**.

**"Claim Expenses"** mean:

A.       fees charged by attorneys designated by us;

B.       all other reasonable and necessary fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **claim** if incurred by us including, but not limited to, premiums for any appeal bond, attachment bond or similar bond but without any obligation of us to apply for or furnish any such bond.

In the event **you** are entitled by law to select independent counsel to defend **you** at our expense, **claim expenses** also include fees we must pay to such counsel provided that such fees are limited to fees charged in accordance with the rates we actually pay to counsel that we retain in the ordinary course of business in the defense of similar **claims** in the community where the **claim** is being defended;

However, **claim expenses** do not include fees and expenses of independent adjusters or salaries of our officials or employees.


**"Damages"** mean settlements, judgments (including any award of pre-judgment and post-judgment interest on a covered judgment), or other amounts for which **you** are legally obligated to pay on account of a covered **claim**. However, **damages** do not include:

1.       civil or criminal fines, penalties, taxes, sanctions or forfeitures, imposed on **you**, except that this does not apply to **privacy regulation fines;**

2.       fees, costs and expenses paid or incurred or charged by **you**, no matter whether claimed as restitution of specific funds, financial loss, mitigation expenses, set-off amounts or payments in the form of service credits or coupons or other non-cash consideration;

3.       liquidated damages pursuant to a written contract or agreement in excess of **your** liability caused by the **wrongful act**;

4.       **your** production costs, or **your** cost of reprinting, recalling, recovering, shipping, mailing, correcting, reprocessing, restoring, repairing, replacing, or reproducing erroneous, damaged or lost tangible property;

5.       any amount attributable to the cost of any non-monetary relief, including without limitation any costs associated with compliance with any injunctive relief of any kind or nature;

6.       funds, monies, or securities that **you** transferred or failed to transfer;

7.       any loss of investment income;

8.       any amounts assessed as royalty fees or payments;

Policy No:   0656305643
Endorsement No:  1
Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



9.  any amount for which **you** are absolved from payment by reason of any covenant, agreement or court order;

10. punitive and exemplary damages and the multiplied portion of multiplied award;

11. plaintiff's attorney fees or expenses associated with items **1.** through **10.** above.

**"Related Claims"** mean all **claims** based upon or arising out of a single **wrongful act** or any **related wrongful acts**.

V.   **EXCLUSIONS**

Solely with respect to the coverage provided by this endorsement, the section entitled **EXCLUSIONS** is amended to add the following new exclusions:

This Policy does not apply to any **claim**:

•   **BODILY INJURY/PROPERTY DAMAGE**

based upon or arising out of any actual or alleged bodily injury (including death), sickness, disease, emotional distress, mental anguish, of any person, or property damage, provided however that this exclusion does not apply to the wrongful infliction of emotional distress or mental anguish arising out of **privacy injury**;

•   **CLAIMS BY INSUREDS**

by or on behalf of **you** provided, however that this exclusion does not apply to:

1.  any **claim** that is in the form of a crossclaim, third-party claim or otherwise for contribution or indemnity which is part of and results directly from a **claim** which is not otherwise excluded under this Policy;

2.  any **claim** brought or maintained by or on behalf of a bankruptcy or insolvency trustee, examiner, liquidator, receiver or rehabilitator for the **named insured** or any assignee of such trustee, examiner, liquidator, receiver or rehabilitator;

3.  any **claim** by **you** (other than the **named insured**) that alleges **privacy injury**;

•   **DISCRIMINATION**

based upon or arising out of any actual or alleged discrimination, humiliation, harassment or misconduct that relate to an individual's race, creed, color, age, sex, national origin, religion, handicap, marital status or sexual preference;

•   **GOVERNMENTAL ORDERS**

as a direct result of any action or order by any domestic or foreign law enforcement, administrative, regulatory or judicial body or other governmental authority;

•   **OWNED ENTITY**

---

CNA79516XX (7-14)                                                Policy No:   0656305643
Page 6                                                     Endorsement No:   1
                                                               Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.

**CNA**

made against **you** by any entity, if at the time of the **wrongful act** giving rise to such **claim**:

1.     **you** controlled, owned, operated or managed such entity;

2.     **you** were an owner, partner, director, officer or employee of such entity;

For the purpose of this exclusion, a 5% or more owner of the voting stock of a publicly held corporation or a 40% or more owner of the voting stock of a privately held corporation shall be deemed to own such entity;

- **PATENT INFRINGEMENT**

    based upon or arising out of actual or alleged infringement of patent;

- **SECURITIES AND INVESTMENT CLAIMS**

    based upon or arising out of any actual or alleged:

1.     filing of any registration statement under the Securities Acts of 1933, or the Securities Exchange Act of 1934, any State Blue Sky Law, or any other state or local securities law;

2.     violation of the Investment Advisers Act of 1940, the Securities Act of 1933, the Securities and Exchange Act of 1934, rules or regulations of the Securities Exchange Commission under either or both acts, similar securities laws or regulations of state, or any laws of any state relating to any transaction arising out of, involving, or relating to the public offering of securities;

    Provided however that this exclusion does not apply to any **claim** for **privacy injury**;

- **TRADE SECRETS**

    based upon or arising out of any actual or alleged misappropriation of trade secrets obtained by **you** prior to commencing employment with the **named insured**;

- **UNFAIR COMPETITION/ANTITRUST CLAIMS/RICO CLAIMS**

    based upon or arising out of any actual or alleged:

1.     unfair competition, dilution, deceptive trade practices, civil actions for consumer fraud or false or deceptive advertising or misrepresentation in advertising;

2.     charges of price fixing, monopolization or restraint of trade;

3.     violation of:

    a.     the Federal Trade Commission Act;

    b.     the Sherman Act, the Clayton Act, or any federal statutory provision regarding anti-trust, monopoly, price fixing, price discrimination, predatory pricing or restraint of trade;

    c.     the Racketeer Influenced and Corrupt Organizations Act;

---

CNA79516XX (7-14)                                                         Policy No:   0656305643
Page 7                                                                    Endorsement No:  1
                                                                          Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



   **d.**      any rules or regulations promulgated under or in connection with the above statutes, or any similar provision of any federal, state, foreign or other law (including common law) or statute,

except that paragraphs **1.** and **3.a.** do not apply to any **claim** under **Coverage Agreement A.3 Privacy Regulation Proceeding**.

VI.   **NOTICE OF CLAIMS OR CIRCUMSTANCES**

Solely with respect to the coverage provided by this endorsement, the following is added:

**1.      Notice of Claim**

**You**, as a condition precedent to the obligations of us shall give written notice of any **claim** or **privacy event** to us as soon as reasonably practicable after **you** learn of such **Claim** but in no event later than ten (10) days after termination or expiration of the **policy period** or **extended reporting period**, if applicable. All **claims** arising out of the same **wrongful act** will be considered as having been made at the time the first **claim** is made.

**2.      Notice of Circumstances**

If during the **policy period**, **you** first become aware of any facts or circumstances which may reasonably be expected to give rise to a **claim** and during such **policy period** give written notice to us of:

   **1.**      the allegations anticipated as the basis of the potential **claim** and the names of any potential claimants;

   **2.**      the identity of the specific **you** allegedly responsible for such specific facts and circumstances;

   **3.**      the consequences which have resulted or may result from such specific facts and circumstances;

   **4.**      the amount of the potential monetary damages or the nature of non-monetary relief which may be sought in consequence of such specific facts and circumstances; and

   **5.**      the circumstances by which **you** first became aware of such specific facts and circumstances,

then any such covered **Claim** which is subsequently made and which arises out of such facts and circumstances shall be deemed to have been first made against **you** and reported to us by **you** at the time such written notice was received by us.

VII.   **EXTENDED REPORTING PERIOD**

Solely with respect to the coverage provided by this endorsement, the following is added:

•      **Extended Reporting Period**

If this endorsement is terminated for any reason other than failure to pay the premium, if such unpaid premium is paid in full and **extended reporting period** premium is paid in advance, the **named insured** has the right to an **extended reporting period** for the coverage provided by this endorsement. To use this right, the **named insured** must:

1.      write to us within 60 days of the termination telling us the **named insured** wants the extension; and

---

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.

**CNA**

2.      pay the premium to us promptly when due.

The additional premium for the extended reporting period shall be a one (1) year extended reporting period for a premium of 100% of the premium charged for this endorsement.

The limits of liability stated under this Policy at the time will be the limits of liability applying to the **extended reporting period**.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

---

CNA79516XX (7-14)                                                    Policy No:   0656305643
Page 9                                                                         Endorsement No:   1
                                                                               Effective Date:

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.

This page was intentionally left blank.



**COSMETIC PROCEDURES EXCLUSION**

This endorsement modifies insurance provided under:

**HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COMMON POLICY CONDITIONS**
**HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART - OCCURRENCE**
**HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART - CLAIMS MADE**
**HEALTHCARE PROVIDERS WORKPLACE LIABILITY COVERAGE PART**
**HEALTHCARE PROVIDERS GENERAL LIABILITY COVERAGE PART**

In consideration of the premium paid for this Policy, it is understood and agreed that the Policy is amended as follows:

I.     The **HEALTHCARE PROVIDERS PROFESSIONAL LIABILITY COVERAGE PART**, the **HEALTHCARE PROVIDERS WORKPLACE LIABILITY COVERAGE PART** and the **HEALTHCARE PROVIDERS GENERAL LIABILITY COVERAGE PART**, the sections entitled **EXCLUSIONS** are amended with the addition of the following exclusions:

   A.   any acts, errors or omissions involving **cosmetic procedures** of any type, or any **injury** or **damage** resulting therefrom, except when assisting a physician while such physician is performing plastic, reconstructive or cosmetic surgery;

   B.   **Injury** or **damage** resulting from the performance of any of the following:

       1.   Basti
       2.   Colon Hydrotherapy (including Colonics)
       3.   Emesis or Purgation Therapies (including Vamana)
       4.   Gas Injection Therapies (including Carboxy Therapy)

   C.   **injury or damage** resulting from the recommendation, prescription, production, promotion, solicitation, testing, selling or manufacture of vitamins, minerals, herb supplements, medicinal supplements and nutritional supplements if under the purview of the U.S. Food and Drug Administration (FDA) and not approved by the FDA:

   D.   **injury or damage** resulting from the off label use of U.S. Food and Drug Administration (FDA) approved drugs or devices;

   E.   **injury or damage** resulting from any warranty or guarantee of cure or success of treatment which is alleged to have arisen out of advertisement.

II.    The **COMMON POLICY CONDITIONS,** the section entitled **DEFINITIONS** is amended to add the following definition:
   :
   **"Cosmetic procedure"** means any service, treatment, advice or instruction intended to alter or enhance appearance, in the absence of persistent physical or physiological abnormality, functional impairment or disease, whether or not for psychological or emotional reasons.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

---

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.

This page was intentionally left blank.



**MEDIA EVENT EXPENSES SUPPLEMENTARY PAYMENTS ENDORSEMENT**

I.      The **Professional Liability Coverage Part,** the section entitled COVERAGE EXTENSIONS, is amended to add the following:

**MEDIA EXPENSES COVERAGE EXTENSION**

**A.      Media Expenses Coverage Extension**

We will pay **media expenses** incurred by the **Named Insured** as a result of an **adverse event,** up to the **Media Expense** Aggregate Limit of Insurance set forth on the **Certificate of Insurance** for all **Media Expenses** in the Aggregate regardless of the number of **you** or the number of **adverse events** provided that:

1.      If this endorsement is attached to professional liability claims made coverage:

A.      the act, error or omission that is the subject of the **adverse event** happened on or after the Prior Acts Date shown in the **Certificate of Insurance** and prior to the termination of the policy; and

B.      such **adverse event** first occurred during the **policy period.**

2.      If this endorsement is attached to professional liability occurrence coverage, the act, error or omission that is the subject of the **adverse event** happened during the **policy period;** and

3.      With respect to claims made or occurrence coverage:

A.      prior to the effective date of this Policy:
1.      none of **you** knew or should have known of such **adverse event** or a **potential adverse event**;

2.      none of **you** had given notice to a prior insurer of any **related adverse events**;

B.      such **adverse event** is reported to Us in writing within 60 days of **your** receipt of notice of such **adverse event**; and

C.      all **media expenses** are incurred within six (6) months following **your** discovery of such **adverse event**.

Any **media expenses** paid by Us pursuant to this endorsement shall be in addition to the Limits of Insurance.

For the purpose of coverage under this endorsement, an **adverse event** will be deemed to have first occurred at the earliest of the following times when any of **you** first receive notice of negative media attention arising out of a **claim,** criminal investigation, complaint, indictment, administrative proceeding or investigation made or brought against **you** or against someone for whose **professional services you** are legally responsible.

II.      The **Professional Liability Coverage Part,** the section entitled ADDITIONAL DEFINITIONS, is amended to add the following terms:

**Adverse event** means negative media attention arising out of a **claim,** criminal investigation, complaint, indictment, administrative proceeding or investigation made or brought against **you** or someone for whose **professional services you** are legally responsible related to or arising out of the rendering of **professional services.**

CNA89026XX (5-17)                                                                 Policy No:   0656305643
Page 1                                                                           Endorsement No:  1
                                                                                 Effective Date:  03/26/21

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



**Media expenses** means the reasonable and necessary charges and fees incurred by the **Named Insured** and consented to by Us to address or manage an **adverse event** including fees of third party legal or public relations consultants with regard to addressing adverse publicity or media attention, including preparation of statements, press releases, and interviews but solely to the extent that such consultants are specifically retained or hired by the **Named Insured** to manage or address the **adverse event**. **Media expenses** shall not include:

    **A.**    any amounts incurred with respect to **your** defense against a criminal investigation, complaint or indictment, or with respect to your defense of any civil complaint or **claim** or administrative proceeding, investigation or complaint, including any alleged violation of the Health Insurance Portability and Accountability Act, HIPAA, or other patient privacy laws, statutes, or regulations;

    **B.**    any damages, fines, violations or penalties **you** are legally obligated to pay as a result of an **adverse event**;

    **C.**    compensation, fees, benefits, overhead, charges or expenses of any of **you**;

    **D.**    any **claim expenses**, expense or supplementary payments, including attorney's fees which are covered pursuant to any other provision of this policy, including attorney's fees of defense counsel retained to defend any **claim** under this policy.

**Potential adverse event** means an act, error or omission in the rendering of **professional services** that any of **you** have reason to believe would give rise to an **adverse event**.

**Related adverse events** means **adverse events** arising out of a single act, error or omission or arising out of **related acts, errors or omissions** in the rendering of **professional services**.

All other terms and conditions of the Policy remain unchanged.

---

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy, unless another effective date is shown below, and expires concurrently with said Policy.

---

CNA89026XX (5-17)

Page 2

Policy No:   0656305643

Endorsement No:   1

Effective Date:   03/26/21

Insured Name:  Singh Rx LLC

© CNA  All Rights Reserved.



**EMPLOYMENT PRACTICES LIABILITY COVERAGE PART – DEFENSE ONLY**

In consideration of the premium, and in reliance upon the Application, it is understood and agreed as follows:

**THIS IS A CLAIMS-MADE COVERAGE PART AND PROVIDES COVERAGE FOR CLAIM EXPENSES ONLY. SUBJECT TO ITS PROVISIONS, THIS COVERAGE PART APPLIES ONLY IF BOTH THE EMPLOYMENT PRACTICES WRONGFUL ACT OCCURS ON OR AFTER THE PRIOR ACTS DATE SHOWN ON THE CERTIFICATE OF INSURANCE AND THE EMPLOYMENT CLAIM IS FIRST MADE AGAINST YOU BEFORE THE END OF THE POLICY PERIOD. NO COVERAGE EXISTS FOR EMPLOYMENT CLAIMS FIRST MADE AGAINST YOU AFTER THE END OF THE POLICY PERIOD UNLESS, AND TO THE EXTENT, AN EXTENDED REPORTING PERIOD APPLIES.**

**I.     COVERAGE AGREEMENT**

We have the right and duty to defend any **employment claim**. We will pay **claim expenses** incurred on **your** behalf in the defense  of an **employment claim** arising out of an **employment practices wrongful act** even if such **employment claim** is groundless, false or fraudulent provided that:

1.      the **employment practices wrongful act** occurs on or after the prior acts date shown on the **certificate of insurance**; and
2.      the **employment claim** is first made against **you** before the end of the **policy period**.

In such case, we will pay, up to the **Employment Claim Expenses** Limit of Liability stated in the **certificate of insurance**, **claim expenses** incurred in defense of such **employment claim**.  We will select and assign an attorney to defend such **employment claim** made against **you**.

We are not obligated to investigate or defend or continue to investigate or defend any **employment claim** after the applicable **Employment Claim Expenses** Limit of Liability has been exhausted.

Upon exhaustion of the  **Employment Claim Expenses** Limit of Liability, **you** will be responsible for the payment of all further fees, costs and expenses, including those of any attorney who thereafter may represent **you**. If **you** choose either not to continue to be represented by the attorney we originally assigned to represent **you** or **you** fail to agree with that attorney on the payment of future fees and expenses, **you** will:

1.      allow the attorney assigned by us to represent **you** to withdraw from representing **you**;
2.      do nothing to impede or prohibit that attorney from withdrawing from **your** representation; and
3.      cooperate with us and with that attorney to facilitate such withdrawal.

We have no duty to defend any **employment claims** not covered by this Coverage Part.

**II.    ADDITIONAL DEFINITIONS**

For purposes of this Coverage Part only, words in bold have the meaning set forth below:

**EEOC Proceeding** means an investigative proceeding before the Equal Employment Opportunity Commission or an adjudicatory or investigative proceeding before any similar federal, state, or local government body whose purpose is to address any **employment practices wrongful act**.

**Employment Claim** means:
1.      a written demand (excluding a subpoena) for monetary, non-monetary, injunctive, or declaratory relief;
2.      a written request for arbitration, mediation, or other alternative dispute resolution;
3.      a written request to toll or waive a statute of limitations;
4.      a civil, administrative, or regulatory proceeding, including an **EEOC Proceeding**;
against **you** by an **employee** or an applicant for employment for an **employment practices wrongful act**, including any appeal therefrom.

**Employment Claim** shall not include any:

CNA93658XX (08/18)                                                                                                    Page 1 of 7

© Copyright CNA All Rights Reserved.



(a)  criminal proceeding, criminal administrative or criminal regulatory proceeding, or criminal investigation;

(b)  labor or grievance arbitration or other proceeding pursuant to a collective bargaining agreement; or

(c)  audit conducted by the Office of Federal Contract Compliance Programs, unless a Notice of Violation or Order to Show Cause or written demand for monetary relief or injunctive relief has been issued.

Unless specifically articulated otherwise herein, an **employment claim** shall be deemed first made on the earliest of the date on which the **employment claim** is first made against, served upon, or first received by **you**, or the applicable notice or order is filed or entered.

**Employment Practices Wrongful Act** means any actual or alleged error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed, attempted, or allegedly committed or attempted, by **you** in **your** capacity as such constituting or related to:

1.  wrongful dismissal, discharge, or termination of employment, whether actual or constructive;

2.  employment-related misrepresentation, including inducement to become or remain employed based on an erroneous job description;

3.  violation of any federal, state, or local laws (whether common-law or statutory), concerning discrimination in employment, including the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1992, the Civil Rights Act of 1991, the Age Discrimination Act of 1967, and the Family Medical Leave Act of 1993, or amendments to or rules or regulations promulgated under any such laws;

4.  sexual harassment or other unlawful harassment, including bullying, quid pro quo sexual harassment, hostile work environment, and harassment via electronic communication, including social media and internet websites;

5.  wrongful deprivation of career opportunity, demotion, failure to grant tenure, failure to employ or promote, failure to afford partnership or other equity status, and failure to train;

6.  wrongful discipline of **employees**;

7.  retaliation against **employees** for **whistleblower activity**;

8.  negligent evaluation of **employees**, negligent hiring, negligent supervision, and negligent training;

9.  failure to adopt or enforce adequate workplace or employment policies and procedures;

10.  employment-related libel, slander, defamation, humiliation, or invasion of privacy;

11.  employment-related false imprisonment, false arrest, detention, or malicious prosecution; or

12.  employment-related wrongful infliction of emotional distress.

**Extended Reporting Period** means the period of time after the **policy period** for reporting **employment claims** due to an **employment practices wrongful act**. The **employment practices wrongful act** must happen on or after the prior acts date and before the end of the **policy period**.

**Injury** means bodily injury (including death), sickness, or disease, of any person.

**Outside Entity** means any charitable not-for-profit entity exempt from federal income taxation, or any entity specifically included as an **outside entity** by endorsement to this Policy, provided that such entity is not a **named insured**.

© Copyright CNA All Rights Reserved.



**Related Employment Claim** means all **employment claims** arising out of a single **employment practices wrongful act** or arising out of **related employment practices wrongful acts**.

**Related Employment Practices Wrongful Acts** mean all **employment practices wrongful acts** that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

**You** or **Your** means the **named insured** and, if the **named insured** is not a natural person:

1.    any individual who, during the **policy period**, is or becomes a partner, officer, director, stockholder-**employee**, manager, member or **employee** of the **named insured**, or
2.    any individual previously affiliated with the **named insured** as its partner, officer, director, stockholder-**employee**, manager, member or **employee.**

**Whistleblower Activity** means the lawful activities of any **employee**, with respect to any alleged wrongdoing by **you**, who causes information to be provided to the attention of, or otherwise assists in an investigation by a government or law enforcement agency, provided such activities are protected by statute with rights and remedies for retaliation recognized under federal, state, or local statutory or regulatory law.

III.    **EXCLUSIONS**

   A.    **EXCLUSIONS**

      We will not defend any **employment claim** for, or pay any **claim expenses** based on, arising out of, or related to:

      1.    **Anti-trust violations**
            Any actual or alleged involvement in any:

            a.    federal or state anti-trust law violation; or

            b.    agreement or conspiracy to restrain trade, including horizontal or other price fixing of wages, hours, salaries, compensation, benefits or any other terms or conditions of employment.

            This exclusion does not apply to **employment claims** arising from **your** activity as a member of any committee, panel, or board which provides underwriting or claims advice or recommendations, provided **your** activity is within the scope of the committee's, panel's, or board's established guidelines;

      2.    **Assumed Liability**

            **your** assumption of the liability of others in any oral or written contract or agreement, unless such liability would have attached to **you** in the absence of such agreement.

      3.    **Capacity**

            any of **your** acts, errors or omissions in **your** capacity as:

            a.    nurse-midwife or midwife;
            b.    physician, dentist, chiropractor, or podiatrist;
            c.    self-employed perfusionist;
            d.    a healthcare student, healthcare aide, home healthcare aide, or dental hygienist, who is not subject to **supervision**.

      4.    **Injury/ Damage**

            any **injury** or **damage;**

© Copyright CNA All Rights Reserved.

**CNA**

5.  **License suspension**

any liability resulting from any act, error or omission that occurred while **your** license or certification to practice is suspended, revoked, or no longer valid;

6.  **Other business or profession**

any liability **you** have for a business or profession other than that named on the **certificate of insurance**;

7.  **Pollutants**

any loss, cost or expense:

a.  which would not have happened in whole or in part, but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** at any time; or

b.  arising out of any:

1.  civil, administrative or regulatory proceeding or suit by or on behalf of a governmental authority for amounts because of testing for, monitoring, cleaning up, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **pollutants**; or
2.  request, demand or order that **you** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effect of **pollutants**;

However, this exclusion does not apply to any **employment claim** alleging retaliation or wrongful dismissal, discharge or termination of employment whether actual or constructive, because of **whistleblower activity**.

8.  **Prior Acts**

any act, error or omission, including an **employment practices wrongful act**:

a.  that happened:
1.  before the prior acts date; or
2.  after the prior acts date if, on the inception date of this policy, **you** knew or had been told that it would result in an **employment claim**; or

b.  which on the inception date of this policy
1.  is the subject of a reported **employment practices wrongful act**; or
2.  is the subject of a pending **employment claim** or proceeding; or
3.  is a paid **employment claim**.

9.  **Violation of Law**

a.  any actual or alleged violation of:

1.  any responsibilities, obligations, or duties imposed upon fiduciaries by ERISA, COBRA or any similar act;

2.  any law governing workers' compensation, unemployment insurance, social security, disability benefits, or any other similar federal, state, or local statutory or regulatory law or common law anywhere in the world;

© Copyright CNA All Rights Reserved.



3. the Occupational Safety and Health Act of 1970 (OSHA), as amended, or any other federal, state, or local statutory or regulatory law or common law anywhere in the world governing workplace safety and health;

4. the Workers' Adjustment and Retraining Notification Act, Public Law 100-379 (1988), as amended, or any other federal, state, or local statutory or regulatory law or common law anywhere in the world governing an employer's obligation to notify or bargain with others in advance of any facility closing or mass layoff;

5. the National Labor Relations Act, as amended, or any other federal, state, or local statutory or regulatory law or common law anywhere in the world governing employees' rights and the employers duties with respect to unions, bargaining, strikes, boycotts, picketing, lockouts, or collective activities; or

b. based upon or arising out of any actual or alleged violation of the Fair Labor Standards Act (except the Equal Pay Act), as amended, or any other federal, state, or local statutory law or common law anywhere in the world governing wage, hour, and payroll policies.

However, this exclusion does not apply to any **employment claim** alleging retaliation (including any **employment claim** alleging retaliation in violation of Section 510 of ERISA) or wrongful dismissal, discharge, or termination of employment whether actual or constructive, because of **whistleblower activity**.

10. **Willful violations**

a willful violation of a statute, ordinance or regulation imposing criminal penalties.

## IV. LIMIT OF LIABILITY

A. Each **employment claim** Limit of Liability

The Each **Employment Claim Expenses**  Limit of Liability stated in the **certificate of insurance** is the maximum limit of our liability under this Employment Practices Liability Coverage Part for all **claim expenses** arising from each **employment claim**.

B. All **Employment Claim Expenses** in the Aggregate Limit of Liability

The All **Employment Claim Expenses** in the Aggregate Limit of Liability stated in the **certificate of insurance** is the maximum aggregate limit of our liability under this Employment Practices Liability Coverage Part for all **claim expenses** arising from all e**mployment claims**.

C. Multiple Insureds, **Employment Claims** and Claimants

The limits of liability shown in the **certificate of insurance** is the maximum amount we will pay regardless of the number of **you** insured under this Coverage Part, **employment claims** made or persons or entities making **employment claims**.

E. **Related Employment Claims**

If **related employment claims** are made against **you** and reported to us under this Policy or any renewal of this Policy, all such **related employment claims** shall be considered a single **employment claim** first made and reported to us within the **policy period** in which the earliest of the **related employment claims** was first made and reported to us.

© Copyright CNA All Rights Reserved.



**V.     DUTIES IN THE EVENT OF AN EMPLOYMENT CLAIM**

A.     The **named insured** must notify us, or our program administrator, in writing, during the **policy period** or any renewal of this Policy, of any:

1.     **employment claim** made against **you** during the **policy period**; or

2.     notice, advice or threat, whether written or verbal, that any person or organization intends to hold **you** responsible for any alleged breach of duty or other act, error or omission.

B.     If during the **policy period**, **you** give us notice of an **employment practices wrongful act** detailing:

1.     the specific act, error or omission;

2.     the dates and persons involved;

3.     the identity of anticipated or possible claimants; and

4.     the circumstances by which **you** first became aware of the possible **employment claim,**

then, any **employment claim** that is both made against **you** and reported to us during **policy period** or any renewal of this Polic**y,** and that arises out of such act, error or omission, shall be deemed to have been made at the time such written notice was given to us.

**VI.   EXTENDED REPORTING PERIOD COVERAGE**

If this policy is cancelled or non-renewed, by either us or by the **named insured**, then the **named insured** shall have the right to an **extended reporting period** as follows:

A.     Automatic & Optional **Extended Reporting Period**

1.     We will provide to the **named insured,** at no additional premium, an automatic **extended reporting period,** for the purpose of reporting an **employment claim,** which begins at the termination of the **policy period**. This automatic **extended reporting period** will terminate after sixty (60) days.

2.     If **named insured** writes to us within sixty (60) days of the termination telling us that **named insured** wants an **extended reporting period** beyond the automatic sixty days, and pays the premium to us promptly when due, the period of time allowed by the policy for the reporting of **employment claims** to us shall be extended in accordance with the rules, rates and rating plans in effect for us. Once paid, the premium for this option is non-refundable and considered fully earned.

3.     Such extension for the reporting of **employment claims** shall not apply to:
        a.     any pending **employment claims** or proceedings; or
        b.     any paid **employment claims;** or
        c.     **employment practices wrongful acts** committed after the termination of this policy; or
        d.     **employment practices wrongful acts** that are covered under any subsequent insurance **you** purchase, or that would be covered but for exhaustion of the limit of liability, applicable to such **employment practices wrongful acts**.

4.     The first sixty (60) days of the optional **extended reporting period**, if it is purchased, shall run concurrently with the automatic **extended reporting period**.

B.     Our limit of liability for all **claims** reported during the **extended reporting period** shall be part of, and not in addition to, the limits of liability for the **policy period** as set forth on the **certificate of**

© Copyright CNA All Rights Reserved.



**insurance**. The **extended reporting period** does not extend the **policy period**, change the scope of coverage provided, or increase the limits of liability.

C.   There is no right to any **extended reporting period** if we cancel or refuse to renew this policy due to any of the following:

1.   non-payment of premium; or
2.   non-compliance by **named insured** with any of the terms and conditions of this Policy; or
3.    any misrepresentation or omission in the application for this Policy.

**VII.**   Solely with respect to the coverage afforded by this Coverage Part, the Common Policy Conditions the definition of **Claim** is amended to add the following:

•   Any reference to **Claim** shall mean **Employment Claim**.

**VIII.**   Solely with respect to the coverage afforded by this Coverage Part, the Common Policy Conditions is amended as follows:

A.   The following Coordination of Coverage Provision is added:

Any **claim expenses** otherwise covered by both this Policy and any employment practices liability policy or coverage part issued by us, any affiliate of ours, or any other insurance company ("EPL Coverage") first shall be covered as provided in, and shall be subject to the limit of liability, retention, deductible and coinsurance percentage applicable to such EPL Coverage. Any remaining **claim expenses** otherwise covered by this Policy that are not paid under such EPL Coverage shall be covered as provided in, and shall be subject to the Limit of Liability applicable to this Policy.

© Copyright CNA All Rights Reserved.

This page was intentionally left blank.